### BURTON v. NOAHOBI et al.

No. 19444. Opinion Filed June 17, 1930.

Commissioners' Opinion, Division No. 1.

Womack, Brown & Cund, for plaintiff in error.

D. M. Cavaness, for defendant in error Rena Noahobi.

FOSTER, C. The plaintiff in error, who was also plaintiff below, filed this action in the district court of Grady county, claiming to be the owner of certain lands as the grantee of one Susie Peter, the alleged sole heir of George Peter, deceased, who was the original allottee of the land. The defendant in error, who was defendant below, claims a one-half interest in the surplus allotment of the said George Peter and all of the homestead, alleging herself to be the daughter of the said George Peter, who was a full-blood Choctaw Indian.

There is no question about the manner in which the title is derived. The principal question presented by this appeal is whether or not George Peter was the father of Rena Noahobi, and whether or not, after the birth of the said Rena Noahobi and after the marriage of George Peter to her mother, he (George Peter) took Rena Noahobi into his home and adopted her as his child.

The judgment of the trial court gave to the plaintiff a one-half interest in the surplus allotment of George Peter, and to the defendant upon her cross-petition a one-half interest in said surplus and the entire title and estate in and to the homestead of the said George Peter. It is admitted that this judgment is correct, if the defendant was the daughter of George Peter and was taken into his home and adopted by him after his marriage to the defendant's mother.

The case was tried to the court and jury and certain interrogatories were submitted to the jury under instructions from the court, and said interrogatories being answered by the jury in favor of the defendant, the court entered judgment thereon; and from an order overruling a motion for a new trial, this appeal is prosecuted.

Three propositions are presented in the brief of plaintiff in error, in substance, as follows:

First. That the evidence on behalf of the defendant, Rena Noahobi, in support of her cross-petition, was insufficient to support the finding of the trial court that she was the child of George Peter and was acknowledged by, and adopted by, him.

Second. That the court erred in overruling the motion for a new trial because of newly discovered evidence on behalf of plaintiff in error.

Third. That the court erred in giving instruction No. 4 to the jury.

The facts in the case are, in substance, as follows: George Peter, a full-blood Choctaw Indian, was the allottee of the land in question. He married the mother of the defendant in 1924. Cillian Noahobi, the mother of the defendant, was the daughter of Williamson Noahobi; her mother having died when she was a small child, and at the request of Melwissie Bathest, she went to the home of Allington Bathest and the said Melwissie Bathest and there remained almost as a daughter for some four or five years. She appears to have gone to the home of the Bathests at about the age of 13 or 14 years, and after she had lived with them for some two or three years the defendant was born. The Bathests had a son by the name of Austin, who also lived at their home during the time that Rena, the defendant, lived there. Sometime after the birth of the defendant, Austin died, and soon thereafter George Peter married the mother of the defendant, Cillian Noahobi, and took her to his father's house, Sam Peter's, to live. One witness said Austin was alive at the time of this marriage. They also took the child with them, but it appears that she only remained a short time, perhaps four or five days, and then returned to the home of the Bathests, where she has been ever since. Later George Peter and his wife, Cillian, died.

It is admitted by both parties that, at the time the defendant was born, her mother was not married, and the chief contention between the parties is whether or not the defendant was the child of George Peter or of Austin Bathest. Several witnesses are presented by both parties. The testimony is conflicting. We do not believe it will serve any good purpose to set out here in detail all of the testimony offered for or against the contention of the different parties. We think the testimony of Allington and Melwissie Bathest, alone, was sufficient, if believed by the court, to justify a finding that the defendant was the child of George Peter. Most of the witnesses were full-blood Indians and some of them could not speak the English language, their testimony being taken through interpreters. The trial judge had an opportunity to see part of the witnesses and observe their conduct and demeanor upon the witness stand, although part of the testimony was taken by deposition. But regardless of this fact, after a very careful consideration of all the testimony, we think there is sufficient evidence in the record reasonably tending to support the judgment of the trial court, and that, from an examination of the record, we do not believe the finding of the trial court is clearly against the weight of the testimony.

It is contended by the plaintiff that, even though the defendant be the child of George Peter, there is no evidence supporting a finding that he adopted her or acknowledged her as his own after his marriage with her mother. With this contention we cannot agree. There is testimony showing that he bought clothes for both the mother and child prior to their marriage, and that he took the child to his father's home immediately after the marriage, and there remained for at least four days. We think this is sufficient under section 8057, C. O. S. 1921.

It is quite difficult to understand whether the plaintiff intends to rely upon the rule which has been announced in this state governing law cases; or whether he relies upon the rule in equity cases. In his brief he cites several cases holding to the general proposition that a judgment must be based upon evidence reasonably tending to support the same, which is the well-recognized rule in this state governing law cases. However, after a careful consideration of the record, we are inclined to the view that, whether or not this case be governed by the rule applied to equity or law cases, the same result would be reached. We do not think the finding of the trial court and the jury is clearly against the weight of the evidence. Both rules, however, seem to have been applied in this court to cases of similar nature, as will be found by an examination of the following cases: Page v. Roddie, 92 Okla. 236, 218 Pac. 1092; and In re McDade's Estate, 95 Okla. 120, 218 Pac. 532.

The second proposition presented by the plaintiff is that the court erred in refusing to grant a new trial because of newly discovered evidence which is contained in affidavits attached to the motion for a new trial and could serve as the testimony taken at the time of the hearing on the motion for a new trial. We have carefully examined these affidavits and do not believe that the court committed any error in overruling the motion. The affidavits, in substance, allege certain facts, most of which are simply corroborative of the plaintiff's evidence, but the general effect is that it was a common understanding and belief among the citizens in the community in which the parties lived that the defendant was the child of Austin Bathest. This same kind of testimony was introduced at the trial. The affidavits and the testimony taken show that all of the

witnesses, as shown by the affidavits, lived in the same community, and, in our opinion, by the exercise of due diligence, all of the testimony could have been easily produced at the trial. There are other reasons why we think the court did not err in overruling the motion for a new trial, but this one alone we deem sufficient, if no other.

Our statute, section 572, subdivision 7, Comp. St. 1921, provides, in substance, that the testimony must be such as could not have been discovered and produced at the trial by the exercise of reasonable diligence.

The third proposition presented is that the court erred in giving instruction No. 4, which is as follows:

"You are instructed, gentlemen of the jury, that the word 'adopted,' as used in interrogatory No. 3 given you herein, does not mean court proceedings for legal adoption, but means the taking of the child into the home and maintaining and supporting her as a member of his family."

The chief objection to this instruction is that the word "adopted" is not properly defined, and that, therefore, the jury was misled. With this contention, however, we cannot agree. Instruction No. 2, we think, covers the provisions of our statute with reference to adoption, same being sections 8057 and 11303. But even instruction No. 4, standing alone, we do not think would mislead the jury as to the proper method of adoption as is intended by this statute. If a father should take a child into his home and maintain and support it as a member of his family as defined by instruction No. 4, we think it would be sufficient.

As above indicated, several interrogatories were presented to the jury, but we do not deem it necessary to quote them in full. Sufficient to say that they, in substance, asked the jury to answer whether or not the defendant was the child of George Peter, and whether or not after his marriage to the defendant's mother, which is admitted, he adopted the defendant and acknowledged her as his own. Both of these were answered in favor of the defendant.

From an examination of the entire record, together with the instructions, we think the plaintiff had a fair and impartial trial and was given every opportunity to present his witnesses, and that there is evidence reasonably tending to support the verdict of the jury and the judgment of the court, and that such judgment is not clearly against the weight of the evidence.

The judgment is therefore affirmed.

TEEHEE, LEACH, REID, and DIFFENDAFFER, Commissioners, concur. BENNETT, Commissioner, absent.

By the Court: It is so ordered.