## SOUTHERN ROYALTY TRUST v. CAVANESS et al.

No. 28528.    Feb. 21, 1939.

Brown & Cund, for plaintiff in error.

D. M. Cavaness and Lee & Allen, for defendants in error.

GIBSON, J.    This appeal is from a judgment of the district court of Grady county, rendered November 27, 1937, adjudging that plaintiff in error was not the owner of an undivided one-half interest in the oil, gas, and other minerals and mineral rights in and under the homestead allotment of George Peter, deceased, a full-blood Choctaw Indian.

The action was commenced by defendant in error Cavaness, seeking by his first of two causes of action the quieting of title to said homestead allotment, between himself, as plaintiff, and defendant in error Rena Noahobi, plaintiff in error the Southern Royalty Trust, and other defendants not parties to this appeal. Plaintiff's second cause of action related to the surplus

allotment of the same allottee and is not involved in this appeal.

An appeal from a judgment of the same court, determining title to both the homestead and the surplus allotment of the said George Peter, was affirmed by this court in Burton v. Noahobi, 144 Okla. 49, 289 P. 335.

Although not a party to that suit, the Southern Royalty Trust, at the rendition of the judgment of the trial court in that case on January 25, 1928, under an instrument of mineral grant, was claiming title to an undivided one-half interest in the minerals and mineral rights in said homestead allotment.

Plaintiff Cavaness in the instant suit claimed that, at the death of the allottee, the latter was survived by his parents and two children, Rena Noahobi, born before, and Susie Peter, born after, George's marriage to Cilian Noahobi, the mother of the children; that George's wife predeceased George; and that after George's death Susie died, unmarried and without issue, and that the interest of Susie, as relates to the homestead, passed to her surviving sister, Rena, thereby vesting the entire title to the homestead in the latter.

The Southern Royalty claimed that Rena was not the child of, and did not inherit from, George; that upon the death of Susie, title to the homestead passed to her grandparents, the parents of the allottee. The Southern Royalty claims through conveyance from the grandparents.

There was thus presented the question of whether or not Rena Noahobi was the child of and inherited from George Peter.

The Southern Royalty presents this appeal upon the single proposition, in substance, that the evidence introduced was insufficient to show that Rena was the child of George Peter, and whether or not, after his marriage to Rena's mother, he adopted or acknowledged Rena as his child.

This precise question was presented by the appeal referred to (144 Okla. 49, 289 P. 335), and was therein determined contrary to the present and similar contention of the Southern Royalty Trust.

The evidence in the instant case was the same as that introduced on the trial in that previous case. The previous opinion contains a full statement of the evidentiary matters so that a recital of the same herein is deemed unnecessary.

The trial court in the instant case, as in

the previous one, submitted interrogatories to the jury, which found that George was the father of Rena, and that George after his marriage to the mother of Rena adopted Rena into his family. The trial court adopted the findings of the jury and thereon rendered judgment canceling the mineral deed of the Southern Royalty Trust.

We have examined the entire record now before us, and upon consideration thereof we conclude, as in the previous opinion, and upon the authorities cited therein, that the judgment of the trial court is not clearly against the weight of the evidence.

The judgment is affirmed.

RILEY, OSBORN, HURST, and DAVISON, JJ., concur.