F. A. RICHARDSON, W. C. MONROE, S. E. RICHARDSON, C. CRAWFORD, CHAS. CHRISTOPH AND CHARLES K. STARKEY V. ELISHA PENNY.

(Filed September 3, 1904.)

APPEAL—Newly Discovered Evidence. Where the issues upon a petition for new trial on the ground of newly discovered evidence are tried to the court and there is ample evidence to support the finding of the court, this court will not disturb the finding upon the weight of the evidence.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

*H. B. Martin,* for plaintiffs in error.

*John Devereux,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is a proceeding brought pursuant to sec. 4200, Statutes 1893, to secure a new trial in a cause tried and determined in the district court of Noble county, and subsequently affirmed by this court. *Richardson et al. v. Penny,* 10 Okla. 32, 61 Pac. 584. The action was commenced by petition, in which it is alleged that new evidence material to the issues in said cause, and which, if introduced, would probably change the results, has been discovered since the trial, and which with reasonable diligence the plaintiffs could not have discovered before. Issues were formed and the cause tried to the court, and after a full and thorough investigation of the cause alleged for a new trial, the court

found for the defendants, and denied said petition. The plaintiff below brings the case here for review, and. alleges that the trial court erred in not sustaining the application and granting a new trial. ' No specific error is pointed out. All the evidence offered by the plaintiffs in the court below was admitted, and no objection was made to that offered by the defendant. The only contention is that the decision of the court is not sustained by the evidence, and .is contrary to the evidence. We 'have examined the evidence, and fully ·concur in the finding of the trial court. There was no suffi-·cient evidence of diligence to warrant the court in granting .a new trial. The so-called newly discovered evidence was ·only cumulative, and was upon a question which was a. controlling issue in the case when tried originally. The question related to what was done and who was present at the time a writ of restitution was attemped to be levied. On the trial of the cause at the first trial, the writ was introduced in evidence. It showed who the officer was who levied it. It is not shown that any effort was made to get his evi-·dence at the first trial. Three persons testified that they were present when the levy was made, and no inquiry was made on the trial to elicit from them who else was present. It does not appear that any effort was made to discover who was present when the writ was levied, or any attempt made to discover the facts until after the trial, when the cause had been finally determined against the complainant.

Reasonable diligence requires more than was here shown. He should have made some showing of diligence other than that he did not know who was there at the time the 'writ was levied. This information was easily obtainable either before or at the first trial.

Counsel for plaintiff in error complains that by errors and mistakes his client has become liable for large sums in damages, and for continuous liability on obligations to pay rent for her own property, and that the results demand the exercise of extraordinary powers by the court. If this be true, then indeed it is unfortunate, and there should be some reasonable means of escape. But we might suggest that had the plaintiff in good faith surrendered possession according to the terms of her bond, and pursuant to the judgment of the court, the liability would have been terminated, and the court in a proper proceeding would have awarded her that which was her own. But this is probably one of the several mistakes that counsel now concedes.

We cannot disturb the finding upon the weight of the evidence. There is ample evidence to sustain the trial court.

The judgment of the district court of Noble county is affirmed, at the costs of plaintiffs in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.