## MAGNOLIA PETROLEUM CO. et al. v. McDONALD.

No. 21972.   May 15, 1934.

McKeever, Elam & Stewart and Blakeney & Ambrister, for plaintiffs in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garfield county.

The defendant in error, the plaintiff in the trial court, filed a petition alleging that the plaintiffs in error, Magnolia Petroleum Company and E. E. Wehling, as its agent, delivered to the plaintiff certain gasoline or other highly explosive liquid when the plaintiff had ordered kerosene; that the plaintiff was using the same in his incubator on his premises; that on account of its explosive nature his incubator exploded and burned the incubator and building connected therewith, with all of its contents, resulting in damages to the plaintiff in the sum of $5,738, for which judgment was asked. The defendants filed separate answers, denying the allegations of the plaintiff's petition, and alleging that they delivered to the plaintiff a good grade of kerosene, and that the fire and loss sustained by the plaintiff were in no way caused by the product delivered by the defendants. The plaintiff filed no reply thereto. The cause was tried to a jury and a verdict was returned in favor of the defendants. The plaintiff filed a motion for new trial and later filed an amended motion for new trial on the grounds of newly discovered evidence. The motion was sustained by the court, and the defendants appealed to this court.

The petition in error presents six specifications of error, which are presented in argument under three propositions, as follows:

"(1) No primary negligence was shown, and therefore the court erred in granting a new trial.

"(2) No negligence of any kind was introduced as against the Magnolia Petroleum Company.

"(3) The court committed abuse of judicial discretion in sustaining motion for new trial."

The verdict was set aside and a new trial granted upon the hearing of the original and the supplemental motion for new trial. The judgment of the court sustaining the motion for a new trial contained no statement whatever as to the grounds upon which the motion was sustained. Therefore, in determining whether or not the trial court committed error, it will be necessary to consider the error complained of in the original motion as well as the causes for new trial set up in the amended motion for new trial.

Aside from the statutory formal parts of the original motion for new trial, only three grounds were presented for a new trial: First, that the verdict and judgment is not sustained by sufficient evidence, and is contrary to law; second, that the verdict is contrary to and in disregard of the court's instructions; and, third, error of the court in allowing the introduction in evidence of evidence tendered by the defendants and excepted to by the plaintiff.

Considering first whether or not the judgment was sustained by sufficient evidence, we find in the record no testimony that in any way shows or tends to show that the fire complained of was due to any act or negligence of the defendants or either of them. The testimony of the plaintiff shows that the plaintiff purchased 65 gallons of kerosene from the defendants; that the same was being used in connection with the plaintiff's hatchery, and that the day following the purchase of the kerosene a fire destroyed, or partially destroyed, the plaintiff's hatchery and brooder house. Those facts were not disputed. There is no testimony in the record to the effect that the defendants did not deliver to the plaintiff the kind of kerosene he ordered, but there is testimony that the defendants delivered the kerosene as ordered. There is convincing testimony that the fire was not caused by an explosion; that it originated in the brooder house beyond the incubator, and

that the burners supposed to have exploded and destroyed were found to be intact. That testimony was given by the city firemen who were first to enter the burning building. The mere fact that the defendants delivered kerosene to the plaintiff and that it was being used by the plaintiff at the time the fire occurred raises no presumption or inference of negligence on the part of the defendants, or that they delivered to the plaintiff an inferior or a different product than that ordered. There was no primary negligence shown on the part of the defendants and none can be presumed. The trial court might well have sustained the defendants' demurrer to the plaintiff's evidence. Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 235 P. 499; City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462, and Midland Valley R. R. Co. v. Graney, 77 Okla. 45, 185 P. 1088. From the testimony, we are convinced that the jury could not reasonably have reached any other conclusion than that reached by it. Its verdict was unanimous for the defendants and was not contrary to the instructions of the court.

Considering now the sixth cause set forth in the original motion for new trial, we find that, while the trial lasted three days, the only objection made by the plaintiff during the entire proceeding was to the introduction of the defendants' exhibit "10," representing the report as to the distillation of the car of kerosene in question sent through the mail. The plaintiff's attorney excepted to the court's allowing it to be introduced. While the exhibit might have been immaterial, it was not incompetent.

We must, therefore, conclude that, in so far as the original motion for new trial is concerned, there was not such a showing made as would warrant the trial court in the exercise of its judicial discretion to legally grant the plaintiff a new trial.

Considering now the amendment to the original motion for new trial, which was based upon grounds of newly discovered evidence, we find from the record that it consisted of an affidavit by the plaintiff outlining certain alleged facts that would be testified to by three certain persons, if a new trial were allowed, relative to which of the two buildings caught on fire first. If the parties were permitted to testify, their testimony would be mostly cumulative and would not be such testimony as would probably change the result. It is further insufficient in that there is no showing of any diligence. The affidavit merely contains the allegation that the evidence of

the parties could not with reasonable diligence have been discovered until after the trial. There is no affidavit from the proposed witnesses nor allegation of anyone asserting the truthfulness of the proposed newly discovered evidence.

A motion for new trial upon the grounds of newly discovered evidence must be sustained by affidavit showing the truthfulness of the matters alleged in such motion. Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090; Wachtstetter v. Challinor, 114 Okla. 119, 244 P. 194; Bellis v. Radabaugh et al., 134 Okla. 9, 272 P. 423; section 401, O. S. 1931.

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, this court said:

"There should be a reluctance in courts to disturb the verdicts of juries, except in cases where it is manifest that either the law has been perverted, or mistaken, or that the losing party has not had a full and impartial hearing. In deciding motions or petitions for new trials on account of newly discovered evidence, courts have found it necessary to apply some stringent rules to prevent an almost endless mischief which a different course would produce. The reasons for this are obvious. As trial by jury is largely resorted to in the settlement of actions at law, there is a clear policy to protect such trials from the imputation of injustice, and preserve for it the good opinion of those whose dearest rights may be subject to its decision"

—and held:

"A rule of wide recognition regarding the granting of new trials on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

That rule was cited with approval in Wachtstetter v. Challinor, supra, and in later decisions. See, also, Manufacturers Finance Co. v. Sherman, 99 Okla. 295, 227 P. 451.

If the proposed witnesses lived in the neighborhood of the plaintiff, and some of them close to his premises, and if one of them first saw the fire and turned in the alarm, as claimed, it is but natural to suppose that they would have known something about the fire, and when the plaintiff failed to ascertain what these close neighbors knew about the matter, it cannot now be said that the plaintiff pursued due diligence and that the facts could not have been ascertained until after the trial. The failure to make inquiry of persons likely to know the facts shows a lack of diligence. 20 R. C. L., p. 292, sec. 74. In Manufacturers Finance Co. v. Sherman, supra, this court held:

"A motion for a new trial on the grounds of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for the trial are shown."

This court is committed to the rule that before a new trial is granted on newly discovered evidence, the trial court should be reasonably certain that, if a new trial is granted and the proposed evidence is submitted, the jury would very likely return a different verdict than that returned. In Davis v. First Nat. Bank of Butler, 100 Okla. 190, 229 P. 228, this court held:

"If a motion for new trial, based on newly discovered evidence, filed in compliance with the statutes, is supported by exhibits which reasonably tend to bear out the allegations of the motion, and the new matters constitute a complete defense in law, the motion for new trial ought to be sustained, if it further appears that the defendant has been diligent in the investigation of matters pertaining to the action or his defense."

In Lukens v. Garrett (Kan. App.) 44 P. 23, that court held:

"Before a new trial should be granted on the ground of newly-discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must show the facts, so that the court can see whether there was due diligence."

In State v. McLaughlin, 27 Mo. 111, that court said:

"Applications for new trials on the ground of evidence discovered after the trial are entertained with reluctance, because of the temptation to parties smarting under defeat to make them, and on account of the facility with which plausible grounds are manufactured."

The record on the motion to dismiss filed in this case discloses that counsel for the defendants specifically requested the trial court to state the grounds upon which the motion for a new trial was sustained, but that the court refused to state the grounds

and that the same does not appear in the journal entry. In City of Tulsa v. Harman, supra, this court held:

"Where the trial court has been timely requested to indicate what grounds of the motion for a new trial were sustained and which were overruled, the trial court should comply with the request."

Therein this court quoted from Hall v. Polson, 130 Okla. 136, 265 P. 1068, as follows:

" 'As we view it, the trend of the decisions of this court has been too broad as applied to motions for new trial in law actions, where a jury passes upon disputed facts, and where there is a conflict in the evidence; moreover, when such a motion is sustained, we think it far better practice on the part of the trial court to state in the record the ground upon which the court sustains or overrules such a motion' "

—and from Bourquin v. Missouri Pac. Ry. Co. (Kan.) 127 P. 770, as follows:

" 'A motion for a new trial on several grounds is, in effect, a separate motion on each ground, and the better practice would be for the trial court, when sustaining such a motion, to state frankly on the record the specification or specifications which are upheld and those which are overruled'."

The right of a trial court to set aside a unanimous verdict of twelve jurors is not a right within the arbitrary discretion or will of the court. The right is based on judicial discretion warranted by law guided by established precedent. In Vickers v. Philip Carey Co., supra, this court said:

"The 'discretion' spoken of in the authorities is a legal discretion; a discretion to be exercised in discerning the course prescribed by the law, according to principles ascertained by adjudged cases. 'Judicial power, as contradistinguished from the power of the law, has no existence,' it was said by Chief Justice Marshall, in Osborn et al. v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204, 234."

Early in the judicial history of this nation, in an opinion by Chief Justice Marshall, the United States Supreme Court, in Osborn et al. v. U. S. Bank, 9 Wheat. 738, 6 L. Ed. 204, said:

"Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law;

and, when that is discerned, it is the duty of the court to follow it. Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect to the will of the legislature; or, in other words, to the will of the law."

In Sovereign Camp W. O. W. v. Thiebaud (Kan.) 69 P. 348, the Supreme Court of Kansas held:

"The discretion committed to a trial court to set aside a verdict of a jury and grant a new trial is a legal and not an arbitrary, one, and does not exist, except when authorized by law or established precedent"

—and said:

"A lawsuit is an orderly proceeding. Its conduct is regulated by certain well-defined rules. The judge is as much bound by these rules as is the jury. He may not, without committing error, set aside a verdict regularly obtained, without legal reason therefor; and where, as in this case, there is no conflicting evidence, and it all points unmistakably to but one conclusion, so to leave no room for any reasonable inference except the one arrived at by the jury, there appears no legal reason why the verdict should be set aside, and the parties put to the trouble and expense of another trial. 'It is the interest of the public that there should be an end to litigation, and a court is not compelled to grant a new trial even if all the parties request it; but, where there are no grounds for a new trial, in the interest of an end to litigation no new trial should be granted.' Railroad Co. v. Brown, 51 Kan. 6, 32 P. 630; Lindh v. Crowley, 29 Kan. 756. The discretion of district courts in the matter of granting or refusing new trials is a legal, not a capricious, one. It must be warranted by law, and guided by established precedent. It may not be exercised simply because the judge might wish the verdict to be otherwise. The test and warrant for its use is, Has the applicant therefor shown a legal reason for its existence?"

See, also, Sharpensteen v. Sanguinetti (Ariz.) 262 P. 609, and Griffin v. State (Ga. App.) 77 S. E. 1080.

The judgment of the trial court is reversed and the cause is remanded, with directions that the order granting a new trial be set aside.

CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BUSBY, JJ., concur. RILEY, C. J., and BAYLESS and WELCH, JJ., absent.