## PETERS v. CENTRAL NAT. BANK OF ENID.

No. 25547.  Sept. 17, 1935.

Rehearing Denied Oct. 22, 1935.

G. C. McDonald, for plaintiff in error.

W. H. Hills and Duff & Manatt, for defendant in error.

PER CURIAM.  The undisputed facts are as follows:

Plaintiff in error was indorser on a note for G. N. and Martha E. Kneeland, said note bearing date of October 23, 1931, for the principal sum of $1,760, together with

interest at the rate of 8 per cent. per annum until maturity and 10 per cent. after maturity until paid, and for $176 attorney's fees. On July 5, 1933, said bank filed suit on said note and duly issued summons to the defendants therein named. On November 20, 1933, the case was tried to the court without a jury and judgment was granted, plaintiff as prayed for. By agreement of parties, a 60-day stay of execution was granted.

On November 23, 1933, defendant, Peters, herein known as plaintiff in error, filed a motion to vacate the judgment, but which was treated by the parties to said action as a motion for a new trial, alleging that Peters was merely a surety on said note, which fact was known at all times to plaintiff bank, and that at the time he signed the note the said G. N. Kneeland and Martha E. Kneeland were hopelessly insolvent and destitute of assets. That he was induced to and did believe that the Kneelands were procuring a loan, and that had he known it was merely a renewal note he would not have signed the same. That said facts were unknown to Peters until after the rendition of the judgment on said note or within three days thereafter, and that by the exercise of reasonable diligence he could not have ascertained said fact. That if a new trial be granted Peters, he could and would produce witnesses, to wit, the said G. N. and Martha E. Kneeland, and others (not naming them), who would swear to the foregoing facts.

The court overruled the motion, and this appeal is taken from said order overruling the motion of plaintiff in error for a new trial.

There are two propositions submitted to this court: First, that the court erred in overruling the motion for a new trial; and, second, whether or not the forbearance of plaintiff to prosecute its valueless right against the Kneelands would constitute a consideration for the assumption of the debt by Peters, for which he was not otherwise liable.

We deem it necessary to deal with only one proposition in this case. That is, whether the court erred in overruling the motion for a new trial on the grounds of newly discovered evidence.

In the case of Burton v. Noahobi et al., 144 Okla. 49, 289 P. 335, it was held that it was not error for the trial court to overrule a motion for a new trial, based on the grounds of newly discovered evidence, where it appears that the moving party could have discovered said evidence before the trial by the exercise of reasonable diligence.

In the case of Seidenbach's v. Oliver et al., 146 Okla. 34, 293 P. 220, the court laid down the rule that a motion for a new trial upon the ground of newly discovered evidence was addressed to the sound judicial discretion of the trial court, and, unless that discretion has been abused, the ruling thereon will not be disturbed on appeal.

Also, in the case of Summers v. Williams et al., 128 Okla. 9, 260 P. 1064, is set out the requirements necessary to be met before a court would be justified in granting a new trial on the sole ground of newly discovered evidence, which are as follows: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of reasonable diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely contradict or impeach former evidence.

In this case the record shows that all parties were available. The defendants were all represented by the same attorney, and the same evidence as set out in the motion for a new trial was as much available at the time of trial as it was a few days later. Plaintiff in error could have called upon the plaintiff in this case had he so desired, but no evidence was introduced at the trial by him.

The duty of diligence has nowhere been met in this case. When it appears from the record, as it does in this case, that the witnesses were at all times available, and especially where they were present at the trial, or their testimony was available at the time of trial, a motion for a new trial based on newly discovered evidence should be overruled.

In view of the foregoing decisions and the facts in this case as shown by the record, the court was correct in overruling the motion for a new trial. It is not, therefore, necessary to pass on the second proposition raised by plaintiff in error. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Ross Rutherford, W. C. Austin, and Waldo T. Oden in the preparation of this opinion. These attorneys constituted

an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rutherford and approved by Mr. Austin and Mr. Oden, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.