## INTER-CITY FINANCE CORPORATION v. McGOWAN.

No. 25925.   Oct. 1, 1935.

W. A. Chase, for plaintiff in error.

M. A. Sawyer, for defendant in error.

PHELPS, J.  This appeal does not relate to the merits of the action below, but deals entirely with the question of whether the trial court committed an abuse of judicial discretion in overruling a petition for new trial, filed after the term of court in which the judgment was rendered, under the provisions of section 402 O. S. 1931, the pertinent parts of which are:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict or decision was rendered, * * * the application may be made by petition filed in the original case, as in other cases, not later than the second term after such discovery or occurrence; on which a summons shall issue, be returnable and served, or publication made, as in the beginning of civil actions, or such service may be made on the attorney of record in the original case.  The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of 20 days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

The original action was by McGowan, defendant in error, against the plaintiff in error, and he therein recovered a judgment for usury.  In his petition it was alleged that the defendant loan company had actually loaned him less money than the amounts indicated on the checks the loan company made payable to him, and that he was required to indorse said checks back to the loan company and that the loan company paid him cash.  During the trial the checks were introduced by the defendant company as tending to prove that plaintiff had received the face amount of the checks. Thus the issue as to whether the plaintiff actually received the amount of money which the checks indicated was a material issue in that trial.  The jury considered and weighed the respective contentions of the parties on this issue and decided them in favor of the plaintiff.

Thereafter the defendant filed its motion for new trial, which was overruled, and the defendant did not appeal.  During the following term of court the defendant discovered some new evidence and then filed the present petition for new trial, under section 402, O. S. 1931, supra, attaching affidavits of certain witnesses in support thereof.  Due to the fact that section 402 provides that the facts stated in the petition shall be considered as denied without answer, the plaintiff filed no pleading in response to defendant's petition for new trial.

The petition came on for hearing and a teller of the bank upon which the checks had been drawn testified that, although he had no personal knowledge that the plaintiff received the money from the bank, the bank's stamp which he used was on the checks and that he never placed that stamp on checks unless the payee or indorsee was personally at the window and received the money.

Even if the teller had testified that he had personal knowledge of the fact that the plaintiff did actually receive the money, such evidence would not have been ground for the granting of a new trial in this case.  The main requirement in section 402 is that the grounds alleged as the basis for the right to a new trial "could not with reasonable diligence have been discovered before," which means before the trial.  The defendant company was placed on notice, by the allegations in the petition, that the plaintiff would contend that he did not receive the amounts indicated by the checks. This is not so much newly discovered evidence as it is a newly discovered idea, which idea should have occurred to the defendant before the trial of the case.  It is not sufficient for the movant to allege due diligence, for that is but a conclusion.  He shou'd allege and prove facts evidencing such diligence.  Magnolia Petro-

leum Co. v. McDonald, 168 Okla. 255, 32 P. (2d) 909.

The remaining newly discovered evidence upon which the defendant relied was the statement in affidavits attached to the petition for new trial wherein the affiants stated in substance that after the judgment they heard the plaintiff say substantially as follows:

"I secured the usurious interest that I was entitled to in the justice court, then I secured a judgment in common pleas court for a part of the principal, and I knew that it was much more than I should have received."

The reference to the justice court concerns a cross-judgment that the plaintiff obtained in a justice of the peace court when he had been sued on a note by the defendant, said note being one of a series of transactions connected with the subject-matter of the instant lawsuit. There is no contention in this appeal that the judgment in the justice court was a bar to the action in the common pleas court.

Neither the affiant nor any other witness testified at the hearing; we pass over the question of whether the affidavits were admissib'e as evidence of the facts recited in them (and in view of the language in the latter part of section 402, supra, there seems to be some doubt of this), for, in our opinion, even had the witnesses been present and testified to the same allegations as are contained in the affidavits, it would not be an abuse of discretion for the trial court to refuse a new trial, under the authorities as we find them. Closely analyzed, the statement attributed to plaintiff is nothing more than a conclusion, although it probably would qualify as an admission against interest, calling for an explanation. It may well be said that the plaintiff considered the term "usurious interest" as comprising nothing more than all the interest which he had paid, as distinguished from the recovery of double all the interest, reaching down into the principal. There is no statement of fact contained in the language attributed to plaintiff; the most that can be said for it is that the plaintiff boasted that he received more than the sum to which he was entitled. Cases are not decided according to the beliefs of the parties as to what the proper amounts in judgment should be, but are decided according to the evidence and the law. Had the plaintiff made a statement of some fact which would constitute new evidence, then the defendant's contention would be stronger. But the plaintiff's conclusions concerning the manner in which he fared in the two lawsuits, to the effect that he obtained a larger judgment than he expected, or was entitled to, are not statements of fact, but are only opinions or conclusions. There is no admission that he testified falsely, there is no revelation of any material fact which would probably change the result of the case.

It is not our province to inquire into the proceedings in the justice court; in the brief of defendant in error (p'aintiff) it is stated that the two judgments, taken together, represent double the interest the plaintiff paid to the loan company. We believe the following remark, contained in the brief of the plaintiff, is reasonable and correct:

"Whether he should refer to it as 'part of the principal' we think is of little concern, and his opinion as to the amount he should have received is of no value whatsoever, since there is obviously nothing in the statements as to any of the facts in issue."

Trial courts are vested with a wide discretion in the granting or refusing of new trials. There is latitude on each side of the line which we must allow for the exercise of discretion. Upon no stronger showing than is before us in the present case. we cannot say that the trial court abused its discretion in its refusal to repeat the trial on the issues. Accordingly, the judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.