## PARKHILL TRUCK CO. v. OK-TEX DRILLING CO.

No. 29195.    Feb. 13, 1940.

Rehearing Denied April 2, 1940.

*100 P. 2d 863.*

Leslie L. Conner and Leonard E. Roach, both of Oklahoma City, for plaintiff in error.

Edwards & Robinson, of Oklahoma City, for defendant in error.

RILEY, J.   This is an appeal from an order of the trial court granting defend-

ant in error a new trial. The parties will be hereinafter referred to as they appeared in the trial court.

Plaintiff commenced this action to recover for alleged services rendered in transporting certain oil well drilling tools and equipment from Oklahoma to a point near Springerton, Ill., under a contract in writing, dated August 9, 1937.

The contract provided payment for services according to Parkhill's published tariff rate.

There is no controversy as to the amount earned. The petition of plaintiff was in the usual form and stated a cause of action on the contract.

Defendant denies liability on two grounds: First, that the contract was signed by its president without any authority from its board of directors, and that the contract for that reason is not binding on it. Second, defendant pleaded, in substance, that it was the owner of said machinery, tools and equipment, and had on July 29, 1937, entered into a written contract with R. E. Johnston and C. B. Cozart, who were to pay all expense and cost of every nature incurred in moving said equipment from Oklahoma to Illinois. That thereafter Cozart arranged with Carl Followill & Sons Trucking Company to haul said equipment from Carter county, Okla., to Illinois. That one J. B. or Jim Stump had in some form guaranteed payment to the Followill Company; that the Followill Company had subcontracted the job to Parkhill Truck Company, and that under said subcontract plaintiff undertook to do the actual hauling, and:

"* * * That on the 9th day of August, 1937, Parkhill Truck Company sent its agent, George LaCoste, to the office of the defendant in Oklahoma City, Oklahoma, and that there the said agent, LaCoste, made the representation that said equipment was then on its way from Carter county, Oklahoma, to the state of Illinois, and that the most expeditious way of obtaining a permit to transport through the state of Missouri would be to allow the plaintiff to exhibit to and file with the Missouri Public Service Commission a pretended contract between said parties, as a matter of form only, and that the Missouri Public Service Commission would in turn issue a permit to Parkhill Truck Company to transport said rig through the state.

"6. Defendant further alleges that said agent represented at the time and place that R. E. Johnston and C. B. Cozart, who were the actual contracting parties, and the persons actually liable for the charges for said hauling, and the persons actually procuring the same, were not present in the state of Oklahoma at that time, and could not be reached immediately, and that it would be difficult and probably impossible to obtain the signatures of the said R. E. Johnston and C. B. Cozart in time to prevent delay in transporting said drilling rig; and requested that some person connected with the Ok-Tex Drilling Company execute said contract as a matter of form, and as an accommodation only to said trucking companies so that they would not be delayed and put to extra expense in transporting said equipment; and further represented that the defendant would incur no liability by reason of said contract and that said contract would be used solely for the purpose of obtaining permission to transport said rig through the state of Missouri."

That defendant believed and relied upon the statement and representations of LaCoste, and signed said contract as a form only, and as an accommodation only, and without any intention to become liable thereunder, but only to enable the Parkhill Truck Company to obtain a permit to transport said equipment through and across the state of Missouri without delay and extra expense.

Plaintiff replied by verified general denial and specifically denied that it at any time appointed or authorized LaCoste or any other person as its agent in said matter and denied that LaCoste or any other person was its agent.

The question of whether LaCoste was the agent of plaintiff was one of the principal issues.

The contract shows that it was executed on the part of plaintiff by Z. P. Piley. He testified that he was office manager for plaintiff; that he signed the contract for plaintiff in the office of plaintiff; that LaCoste was in the office at the time. At one time he testified that after he (Piley) signed the contract he gave it to LaCoste. At another time he testified that after he signed the contract he gave it to Mr. Roach, traffic manager for plaintiff, and that Roach, in his presence, turned the contract over to LaCoste; that he was not in the office when LaCoste left, but did not know what LaCoste was to do with the contract. The evidence of defendant was to the effect that it was signed by Mr. Aaron M. Weitzenhoffer, president of defendant company; that Mr. LaCoste came to the office of defendant and presented the contract, and stated that he, LaCoste, was representing the Parkhill Truck Company, and that they had sent him to get the contract signed; that after he, Weitzenhoffer, read the contract he refused to sign it. He testified as to the representations made by LaCoste substantially as alleged in the answer. And that LaCoste specifically represented that the plaintiff company would not look to defendant for pay, and desired to use the contract only as a means of obtaining a permit from the Missouri Commission.

At the close of the evidence the court sustained a motion of plaintiff for a directed verdict, whereupon the jury, at the direction of the court, returned a verdict for plaintiff for the amount sued **for.**

The court indicated that the order directing a verdict for plaintiff was based **upon** failure of defendant's evidence to show that LaCoste was the agent of plaintiff.

Motion for new trial was granted, and plaintiff appeals.

There is some contention that the evidence relied upon by defendant is an effort to vary the terms of a written contract, and therefore wholly incompetent. However, we think the question is one of representations inducing the execution of a contract. It may be that the trial court in granting a new trial was of the opinion that under the evidence the question of whether LaCoste was the agent of plaintiff should have been submitted to the jury, but there is no statement to that effect, and there are other questions.

It is well settled that in granting or denying a motion for new trial the trial court has a broad discretion, and that its judgment will not be interfered with on appeal unless it clearly appears that this discretion has been abused, and that where a motion for a new trial is granted, a showing for reversal should be much stronger than where a new trial is denied. Billy v. LeFlore County, 166 Okla. 130, 26 P. 2d 149; Avery v. Goodrich, 138 Okla. 123, 280 P. 586.

A clear case of abuse of discretion is not shown, and the order is affirmed.

WELCH, V. C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.