## BERRY v. PARK.

No. 29917.   Dec. 10, 1940.

Rehearing Denied March 4, 1941.

*110 P. 2d 902.*

Swank & Swank, of Stillwater, for plaintiff in error.

Brown Moore and Guy Horton, both of Stillwater, for defendant in error.

NEFF, J.   In an automobile collision action for personal injuries the plaintiff recovered a verdict and judgment. The defendant appeals.

The first contention is that the trial court erred in refusing to declare a mistrial because of questions asked a certain juror on the voir dire examination. It is contended that the questions informed the jury that the defendant carried liability insurance. When the attorney for the plaintiff was examining the prospective jurors it was discovered that the juror in question was in the insurance business. The attorney asked him if he wrote automobile accident insurance, whether he had recently written any such insurance, or ever had, and whether he had any stock in any automobile accident insurance company. The answer to those questions was in the negative, and to the effect that the prospective juror was engaged exclusively in handling life insurance and that there was nothing in his ex-

perience as an insurance man which would embarrass him in rendering a verdict against the defendant if the evidence should justify it.

This subject has frequently been before us. In one case the questions were held to be of a nature imparting information to the jury that the defendant was insured, thus calling for a reversal, and that was in a prior appeal in this same cause, when the attorney for the plaintiff had asked a juror, "Do you know Mr. Crowe, the adjuster for Mr. Berry, sitting over there, the man from Oklahoma City?" Berry v. Park, 185 Okla. 118, 90 P. 2d 425. But it is well established that in the voir dire examination of jurors in a personal injury case the plaintiff's counsel may interrogate prospective jurors with respect to their interest in or connection with indemnity insurance companies, if he does not leave the impression that defendant actually is insured. This is for the purpose only of ascertaining the qualifications of the jurors, so that counsel may thereafter exercise his right of challenge in a proper manner. Beasley v. Bond, 173 Okla. 355, 48 P. 2d 299. In that case we said:

"In permitting this practice, the courts proceed on the theory that if such questioning be interpreted by the jury as an inference that an insurance company is back of the defendant, thus invading the defendant's rights, nevertheless the plaintiff has the equally important right to elicit from the prospective jurors sufficient information that he may intelligently exercise his right of challenge. It is well known that plaintiffs rightfully object to juries composed of men who by the very nature of their business adopt an attitude of mind antagonistic to the payment of such claims as plaintiff is at the time presenting in court. Since perfection is often impossible, the conjecture that defendant may be improperly prejudiced by such voir dire examination is looked upon as merely an unfortunate possibility which, notwithstanding, is not permitted to override the valuable right of plaintiff to try his case before disinterested parties—a choice of the lesser of two evils."

The rule and reasoning in the Beasley Case have been consistently adhered to in the folowing decisions: Green Const. Co. v. Lampe, 174 Okla. 351, 50 P. 2d 286; Kennedy v. Raby, 174 Okla. 332, 50 P. 2d 716; Safeway Cab Service Co. v. Minor, 180 Okla. 448, 70 P. 2d 76; Rogers v. Dickerson, 180 Okla. 595, 71 P. 2d 729; Tulsa Yellow Cab, Taxi & Baggage Co. v. Salomon, 181 Okla. 519, 75 P. 2d 197; Belford v. Allen, Adm'r, 183 Okla. 256, 80 P. 2d 671. However, the rule is limited to the necessities of the reasons behind it; and if counsel, in the pursuit of his right, oversteps the limitations described so thoroughly in the foregoing cases that repetition thereof is unnecessary here, he must suffer the consequences of a mistrial or reversal. Berry v. Park, supra.

If this were a close case it would justify a more extensive discussion. However, it is apparent that in the character of the questions asked herein, as delineated above, counsel was safely within his rights as outlined in the Beasley Case and other cases, supra.

The next contention is that the trial judge abused his discretion in refusing to grant a new trial on the ground of newly discovered evidence. The newly discovered evidence consisted of facts which might have shown that after the first trial of the case, and about a year and two months prior to the present trial, a scaffold about four or five feet high on which plaintiff was working fell to the ground and that plaintiff was injured thereby. We presume that if defendant had obtained this information prior to the trial it would have been used for the purpose of reducing the amount of the verdict. Comparison of the two verdicts is not of particular benefit, the first having been $2,000 and the present $2,500. If the present verdict had been $1,500, that fact would have been no more potent in denying the contention than the $500 increase would be in approving the contention, since two different juries,

on the same state of facts, might easily differ that much.

The fact of controlling signficance here is that apparently the trial judge was not convinced, by the evidence offered at the hearing of the motion for new trial, that defendant had used due diligence to discover this evidence prior to the trial. In the first place, there was not a sufficient allegation of diligence within the affidavit required by the statutes in such cases. The affidavit set forth that prior to the trial an attorney for defendant "made diligent search to procure witnesses to prove all of the facts in connection with the alleged injuries sued on by the plaintiff." The 7th subdivision of section 398, O. S. 1931, 12 Okla. St. Ann. § 651, permits a new trial for newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial. Section 401, O. S. 1931, 12 Okla. St. Ann. § 654, requires that ground to be sustained by affidavit showing its truth. This requirement is not satisfied by an allegation that due diligence has been used; the affidavit must consist of material facts, not conclusions or argumentative matter. Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090. A mere assertion that all reasonable diligence was used is insufficient. Twine v. Kilgore, 3 Okla. 640, 39 P. 388; Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P. 2d 909; McCants v. Thompson, 27 Okla. 706, 115 P. 600; B. S. Flersheim Merc. Co. v. Gillespie, 14 Okla. 143, 77 P. 183.

Nor did the evidence adduced compel the trial judge to believe that reasonable diligence had been used. An investigator for defendant testified that he had made a trip to Stillwater and talked with the witnesses who were to testify in the case. When asked by counsel if he had made a "complete" investigation he answered yes. The investigator testified that he had made a trip to Stillwater after plaintiff's fall, as described above, and in answer to questions whether at that time he had made any investigation he answered "Some, yes, sir." The testimony as to the character of his investigation was markedly lacking in details, and as to thoroughness or diligence it was short of convincing.

Thus we arrive at the test concerning evidence as related to the question of law determining the issue. Manifestly we are guided by what the trial judge was authorized by the evidence, or lack thereof, to believe or disbelieve. The burden was upon defendant to show the use of reasonable diligence. Unless we can say that from the evidence as contained in the record the trial judge. should have believed reasonable diligence was used, and should have so concluded as a matter of law, we cannot hold that he was guilty of a faulty fact finding or an abuse of discretion. Where the issues on a motion for new trial for newly discovered evidence are tried, and the movant has failed to carry his burden of proof or where there is evidence to support the findings, the appellate court will not disturb the findings on sufficiency of evidence. Richardson v. Penny, 14 Okla. 591, 78 P. 320.

When we add to the foregoing lack of affirmative proof certain other facts now about to be related it becomes a clear case for affirmance. The city wherein plaintiff sustained the fall described above is of the population of approximately 7,500. The defendant already knew of plaintiff's occupation and whereabouts. When asked how many people were working on the job where plaintiff was injured, the only witness who testified stated, "Oh, my land, I expect a dozen or two." Further, that the fall was discussed and a number of people knew about it, and it was discussed afterward from time to time. About the only conclusion to be drawn from this witness's testimony, and from the facts of the case in general, was that the fall was common knowledge in plaintiff's circle of ac-

quaintances, and that with but slight inquiry in the proper places defendant would have learned of it.

"Before a new trial should be granted for newly discovered evidence, due diligence at the time of the trial in respect to such evidence must be shown; the failure to make inquiry of persons likely to know the facts shows a lack of diligence." Parrish v. Nichols, 175 Okla. 251, 52 P. 2d 54; Patteson v. Myers, 183 Okla. 601, 83 P. 2d 846. For another instance of failure to inquire at the reasonably proper place prior to trial, see Inter-City Finance Corp. v. McGowan, 174 Okla. 22, 49 P. 2d 698, where it was said:

"This is not so much newly discovered evidence as it is a newly discovered idea, which idea should have occurred to the defendant before the trial of the case. It is not sufficient for the movant to allege due diligence, for that is but a conclusion. He should allege and prove facts evidencing such diligence."

Also, see Peters v. Central Nat. Bank of Enid, 174 Okla. 329, 49 P. 2d 1083, where reversal was denied because the witnesses were "at all times available."

The granting of a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its action in overruling the motion will be affirmed by the reviewing court in the absence of an abuse of discretion. Belford v. Allen, 183 Okla. 256, 80 P. 2d 671; Jones v. Oklahoma Planing Mill & Manufacturing Co., 47 Okla. 477, 147 P. 999; Jones v. S. H. Kress & Co., 54 Okla. 194, 153 P. 655; Liberty Nat. Bank of Pawhuska v. Exendine, 156 Okla. 26, 11 P. 2d 154; Huffman v. Huffman, 168 Okla. 39, 31 P. 2d 576; Parkhill Truck Co. v. Ok-Tex Drilling Co., 187 Okla. 50, 100 P. 2d 863; Alkire v. King, 187 Okla. 296, 102 P. 2d 136. In view of the record and the applicable rules of law as above set forth, we could not with good conscience reverse this judgment on the ground just considered.

It is next proposed that the judgment be reversed because of the refusal of the trial judge to admit the testimony of the doctor who treated plaintiff for injuries resulting from the fall. It must have already been evident to the trial court that a showing of reasonable diligence to procure this evidence prior to the trial had not been made, as treated in the foregoing proposition, and hence, since this was a part of the alleged newly discovered evidence, the refusal to admit it is not reversible error.

It is also urged that the amount of the verdict in the sum of $2,500 is excessive. The jury was authorized to believe from the testimony of three doctors that plaintiff was permanently disabled to the extent of 50, 60, or 70 per cent. The plaintiff is 45 years of age, dependent largely upon manual labor for a living, and has a wife and three daughters aged 20, 18, and 14. The verdict is not excessive.

One other proposition is advanced, which is without sufficient merit to require discussion.

The judgment is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.