NEWSOM v. JACKSON.

No. 32404. Nov. 12, 1946.

174 P. 2d 254.

Leverett Edwards, of Oklahoma City, for plaintiff in error.

Brown, Darrough & Ball, of Oklahoma City, for defendant in error.

OSBORN, J. This is an action on a promissory note brought by the plaintiff, J. Perry Jackson, against the defendant, Tex Newsom. The trial court overruled defendant's demurrer to plaintiff's evidence and, at the conclusion of the introduction of evidence, submitted the cause to a jury, which returned a verdict for plaintiff. From a judgment on the verdict, defendant appeals.

Defendant on appeal contends that the evidence was not sufficient to sustain the verdict and that the trial court improperly admitted certain evidence. He also contends that there was misconduct on the part of the jury for which the case should be reversed.

From the evidence it appears that the note for $245 sued upon by plaintiff was dated July 1, 1939, made to plaintiff and his wife, Goldie M. Jackson, jointly, and matured on July 1, 1940; that in January of 1940, in a divorce proceeding between plaintiff and his wife, plaintiff took the note as a part of the property division after interviewing defendant with reference to the validity of the note. Both plaintiff and his attorney testified that at that time defendant did not advise them that any payments had been made on the note, but in his answer defendant pleaded payment and at the trial produced two receipts given him by Goldie M. Jackson, one for a payment of $60 made on July 18, 1939, and one for $140 made August 12, 1939. No payments were indorsed upon the note, and plaintiff testified, without objection, that at the trial of the divorce action Goldie M. Jackson testified that no payments had been made thereon. He also

testified that since the divorce his wife and defendant had had a great many deals together, and that he had had trouble with his wife over some of the property which he received in the property division. Defendant testified that he made the payments in cash and did not know why they were not indorsed on the note. Goldie M. Jackson was not produced as a witness by either side.

We think this evidence was sufficient to require a jury to pass upon the question of whether or not the payments were in fact made by defendant under the peculiar circumstances above set forth, and the further question of whether the defendant misled the plaintiff to his injury by leading him to believe that nothing had been paid on the note prior to the time plaintiff accepted the same in the settlement with his wife. The proximity of the payments to the time the note was given, and the fact that receipts were given instead of the payments being indorsed on the note, were peculiar circumstances which, coupled with the apparent friendliness of defendant and plaintiff's divorced wife and her apparent enmity to plaintiff as disclosed by the evidence, were sufficient to justify an inference that the payments had not been made, and that the receipts therefor were given after plaintiff received the note. No complaint is made of the court's instructions to the jury, and we have frequently held that where there is any evidence to support the verdict, the judgment thereon will not be disturbed by this court on appeal. Harris v. Boggess, 124 Okla. 251, 255 P. 685; Estes v. Douglass, 186 Okla. 546, 99 P. 2d 117.

Defendant complains of the introduction in evidence, over his objection, of the journal entry of judgment in the divorce suit between plaintiff and his wife. The trial court overruled his objection and defendant did not save an exception. We, therefore, may not review this alleged error on appeal. International Printing Ink Corporation v. Leader Press, 177 Okla. 642, 61 P. 2d 664.

Defendant contends that the questions asked the trial court by the jury with reference to the receipts introduced in evidence by defendant, and their effect in view of plaintiff's testimony as to his interview with defendant prior to accepting the note, indicated bias and prejudice on the part of one of the jurors. We have carefully examined the record and do not agree with this contention. While the question asked indicated that the juror was somewhat puzzled over the situation, it does not in any way indicate bias or prejudice for or against either party to the action.

Lastly plaintiff contends that the trial court erred in refusing to grant him a new trial on his affidavit of newly discovered evidence. In the affidavit made by defendant he states that since the trial he has discovered that Goldie M. Jackson would be available as a witness and would testify that the payments he contended he made were in fact made to her. The only allegation of diligence is that the defendant did not know at the time of the trial that Goldie M. Jackson would be available as a witness and did not know that plaintiff would contend that defendant had deceived him in reference to the payments.

So far as the record shows, Goldie M. Jackson was at all times available as a witness if defendant desired to call her, and the record further shows that plaintiff's amended reply, in which he set up that he had been deceived to his injury by defendant's representations, was filed in the trial court May 8, 1945, and the case was tried May 22, 1945. The affidavit is wholly insufficient either to show that Goldie M. Jackson was unavailable as a witneess or that defendant was not advised of the contention made by plaintiff, and the motion for new trial on the ground of newly discovered evidence was properly overruled by the trial court. Peters v. Central National Bank of Enid, 174 Okla. 329, 49 P. 2d 1083.

We find no reversible error in the record and, therefore, affirm the judgment.

Plaintiff, in his brief, asks for judgment against the sureties on the supersedeas bond filed by defendant.

It is, therefore, ordered, adjudged, and decreed that the plaintiff, J. Perry Jackson, have and recover from the defendant, Tex Newsom, and Lee W. Campbell and Lee O. LeGrant, as sureties on his appeal bond, as the same appears in the record, the principal sum of $245 with interest thereon at the rate of 6 per cent per annum from July 1, 1939, and an attorney's fee for plaintiff's attorney in the sum of $25, and for costs, for all which let execution issue out of the trial court.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.