Max V. MORGAN, Plaintiff in Error,

v.

Irene Morgan DUNCAN, Defendant in Error.

No. 36718.

Supreme Court of Oklahoma.

Sept. 13, 1955.

Withington, Shirk, Nichols & Clifford, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, Frank Miskovsky, Oklahoma City, for defendant in error.

PER CURIAM.

The original order concerning the custody of Craig Patrick Morgan was made with consent of the defendant in error, his mother, in which custody was given to plaintiff in error, his father. Approximately one year later defendant in error filed her first application to modify this order.

It is useless to attempt to recite the evidence. Both the mother and father appear to be suitable persons to have the custody of Craig Patrick. Upon the hearing, at which the order was modified to grant custody to defendant in error, some twenty witnesses testified. The court, upon the conclusion, took the matter under advisement. Before resting his case, the attorney for plaintiff in error stated to the court that they had information concerning a permanent transfer of the husband of defendant in error, but would need to take a deposition to make the proof and asked for time. Thereupon, "further arguments and statements were made to the court, and thereafter the court dictated into the rec-ord" an agreement of counsel that they would write for the information concerning this alleged transfer and "the case is rested with exception of the above information."

On May 24, 1954, plaintiff in error filed a motion for a continuance alleging this purported transfer of the husband of defendant in error and also that "this defendant (plaintiff in error here) is informed and on information and belief state" that defendant in error and her husband were contemplating a divorce and that he could make this proof. On May 28, 1954, the court rendered its judgment after the motion to reopen and to continue had been presented and overruled.

The motion for a new trial asserts that the trial court abused its discretion in overruling the motion for a continuance and alleges newly discovered evidence "which he could not with reasonable diligence, have discovered and produced at the trial." This allegation is supported by the affidavit of the plaintiff in error in which he states: That he learned of the contemplated divorce after the hearing; that a witness, not named, would testify concerning the contemplated divorce in a new trial; that the husband of defendant in error had been transferred; that this evidence is not "merely cumulative, corroborative or impeaching." The trial court overruled this motion but on no specific grounds.

The plaintiff in error concedes the rule to be that the matter of reopening a case or granting a continuance is within the sound discretion of the trial court. He also acknowledges that this decision will not be reversed on appeal unless there is a clear abuse of discretion. City of Mangum v. Brownlee, 181 Okl. 515, 75 P.2d 174; White v. City Nat'l Bank of Norman, Okl., 271 P.2d 713.

It was the trial court's duty to make a determination of any change in the circumstances of the parties from the time of the original order that would justify, in the light of the best interests of the child, change of custody. We believe the evidence sufficient from which the court might conclude the child would be better off if in the custody of his mother.

It was then submitted to the trial court that the plaintiff in error had learned that defendant in error and her husband were contemplating a divorce and that this was newly discovered evidence. The motion for new trial was supported by affidavit, but the most that can be said is that the matter of diligence in attempting to secure this testimony was alleged but not supported by any averment of fact. Manos v. Leche, 205 Okl. 213, 236 P.2d 693; Magnolia Petroleum Co., v. McDonald, 168 Okl. 255, 32 P.2d 909; Chew v. Fouts, 191 Okl. 665, 132 P.2d 949. "It is not sufficient for the movant to allege due diligence, for that is but a conclusion. He should allege and prove facts evidencing such diligence." Inter-City Finance Corp. v. McGowan, 174 Okl. 22, 49 P.2d 698, 700; Berry v. Park, 188 Okl. 477, 110 P.2d 902. In addition, this evidence would go only to the congeniality of the home at the present time and in that regard would merely impeach or contradict former testimony of appellee. Miles v. Pressley, 198 Okl. 124, 176 P.2d 473; Belford v. Allen, 183 Okl. 256, 80 P.2d 671.

Generally, "before a new trial will be granted on the grounds of newly discovered evidence, it must be made to affirmatively appear that the new evidence would be sufficient to probably change the * * * result." Eisminger v. Beman, 32 Okl. 818, 124 P. 289, 290; Berline v. Berline, 151 Okl. 170, 2 P.2d 1029; Magnolia Petroleum Co. v. McDonald, supra.

This was a case tried to the court. The trial judge had all the facts and contentions of the parties before him. It does not appear that there has been a clear abuse of discretion in denying the motion or that the order modifying the decree is not supported by the evidence.

Defendant in error seeks to have the order for support and maintenance increased. The trial court awarded defendant in error $65 per month for this child which seems to be adequate for the support of a seven year old boy. Should circumstances alter, the mother may always present new facts to the trial court where the father is unwilling to voluntarily increase the amount.

Appellee also requests an order for an additional attorney fee. From our investigation of the amount allowed in the trial court and the further amount allowed in this court as temporary suit money, it appears that this request should be denied.

The judgment of the trial court is, in all respects, affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.