**BRASHEARS TRANSFER and STORAGE,**
Plaintiff in Error,

v.

**J. H. PREVETT and Lona Prevett,**
Defendants in Error.

No. 35583.

Supreme Court of Oklahoma.

April 10, 1956.

Rehearing Denied May 22, 1956.

C. D. Lewis, Okmulgee, for plaintiff in error.

Bailey & Pitchford, by J. I. Pitchford, Okmulgee, for defendants in error.

DAVISON, Justice.

This is an action wherein the plaintiffs, J. H. Prevett and Lona Prevett, husband and wife, seek to recover for the alleged loss of personal property, placed in storage with the defendant, Brashears Transfer and Storage. The parties will be referred to as they appeared in the trial court.

On May 21, 1949, the plaintiffs placed some seventy seven items of household goods in storage with the defendant. They were given an itemized list of the items, many of which were boxes or cartons filled with small articles, clothing and linens. During the following year, the plaintiffs had several items redelivered to them.

On August 16, 1950, the defendant delivered the remaining property to the house where plaintiffs were to live. As the items were taken out of storage and loaded onto defendants' truck by employees, one of such servants checked each article on the itemized list. The property was then taken to plaintiffs' house where Mr. Prevett, before the unloading took place, was requested to and did sign the receipt typed on the list and paid the storage charges. He then left, instructing the workers to close and lock the front door when they had finished. He and his wife were out of town for several days and when they returned and checked their property, one large box or carton was missing. It was the item designated on the list as No. 50.

Plaintiffs testified that the missing box was approximately four feet high and five feet long and contained linens, blankets, quilts, etc., of a total value of $487. Defendant's witnesses were the employees and manager. Their testimony was to the effect that, as each item was removed from the warehouse to the truck for delivery, it was checked off the list and that all items contained in the list were put on the truck, including item No. 50. They further testified to the delivery of all property in the truck to plaintiffs' house and as to Mr. Prevett being there when they arrived and paying the charges, signing the receipt for all items listed, and leaving while they were unloading. No testimony was offered as to the identity of any of the property delivered to the defendant originally for storage. Verdict of the jury was for plaintiffs for the full amount of actual damages sued for.

Defendant filed motion for a new trial upon several grounds one of which was because of newly discovered evidence. Attached to the motion was an affidavit wherein defendant stated that he was surprised that plaintiff testified that a box of the size described was put in storage; that he learned after the trial that a former employee would have testified that no such box was placed in storage but that the largest box was only three feet square. From the order overruling said motion, defendant has appealed, raising only the question of the correctness of the order of the court as to the newly discovered evidence.

The affidavit does not disclose any facts showing an exercise of reasonable diligence on the part of the defendant to discover such evidence prior to trial. We do not understand why plaintiff's testimony could have been a surprise to the defendant. The only defense to such an action is the establishment of identity between the articles received for storage and those re-delivered. Both facts could be proved only by testimony of the employees who received the property and those who re-delivered them. If defendant had any reason for accident or surprise it would have constituted grounds for continuance and not for new trial. No motion for continuance was made.

The law is well estalished in this jurisdiction that,

"Where a party to an action filed a motion for a new trial on the ground of newly discovered evidence, and it appears from all the facts and circum-

stances in the case that such party, by the use of due diligence, could have produced such evidence at the trial and the court refuses a new trial thereon, the same does not constitute reversible error." Ball v. Fleshman, 183 Okl. 634, 83 P.2d 870, 871.

In the case of Berry v. Park, 188 Okl. 477, 110 P.2d 902, 905, it was said,

"The granting of a new trial on the ground of newly discovered evidence rests largely in the trial court's discretion, and its action in overruling the motion will be affirmed by the reviewing court in the absence of an abuse of discretion."

Decisions by this court to like effect are so numerous that a compilation of them would unduly burden this opinion.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, JACKSON and HUNT, JJ., concur.