John Leland GRIFFETH, Administrator of the Estate of Jon Richard Griffeth, deceased, Plaintiff in Error,

v.

Betty Mae POUND, Defendant in Error.

No. 38240.

Supreme Court of Oklahoma.

May 24, 1960.

Rehearing Denied Dec. 27, 1960.

Wallace & Wallace, Sapulpa, and Jack B. Sellers, Drumright, for plaintiff in error.

Houston, Klein & Davidson, E. L. Grigg and Edward L. Jacoby, Tulsa, Edmund Lashley, Tulsa, of counsel, for defendant in error.

BERRY, Justice.

The parties who occupy the same relative position here as in the trial court, will be referred to herein as they appeared in the trial court.

In this action, plaintiff sought in his representative capacity to recover damages from defendant and Benjamin Boon, hereafter referred to as "Boon", for the alleged wrongful death of plaintiff's minor son, Jon Richard Griffeth. Jon's death resulted from injuries sustained upon an automobile operated by defendant and in which Jon was

a passenger colliding with an automobile operated by Boon.

A jury was empanelled to try the case. At the close of plaintiff's case in chief, defendant and Boon each interposed demurrer to plaintiff's evidence. The defendant's demurrer was sustained and Boon's demurrer was overruled. Plaintiff then dismissed his action as to Boon. From order denying plaintiff's motion for new trial, he perfected this appeal.

In support of his petition in error, plaintiff presents two contentions. First, "Where there is testimony that a defendant was driving an automobile at an excessive rate of speed, such violation is negligence per se and it is a question for the jury to determine whether the excessive speed was the proximate cause of plaintiff's injuries". Second, "A motion for new trial on the ground of newly discovered evidence should be sustained when it appears that the evidence if produced would probably produce a different result."

The facts bearing upon plaintiff's contention of error on the trial court's part are these: On August 8, 1956, defendant was operating an automobile in a westerly direction over paved Highway No. 33 at a point a few miles east of Cushing, Oklahoma. Jon, who was then four months old, was seated on the lap of his mother who was seated in the front seat of the automobile to the right of defendant. Two of plaintiff's minor children were seated in the back seat of defendant's automobile.

On said date, Boon was operating an automobile in an easterly direction over said highway. He planned to turn north off the highway and proceed over a private driveway. The private driveway is approximately 3 miles east of Cushing. Upon reaching a point to the southwest of the private driveway, he found that it was necessary to drive his automobile to the south and off the highway in order to permit automobiles traveling upon the highway to pass. After the automobiles had passed, he drove his automobile across the highway to the northeast in order to travel north over the private driveway. At a time when the front portion of his automobile was to the north of the highway and the rear portion thereof was on the highway, the automobile driven by defendant struck the right hand side of the Boon automobile. At point of the collision Highway No. 33 is 20 feet wide.

In his petition plaintiff alleged that defendant was negligent in operating her automobile at a speed greater than was reasonable and proper under the conditions existing at the time of the accident in violation of 47 O.S.1951 § 121.3(a); in operating her automobile at a speed greater than would permit her to bring it to a stop within the assured clear distance ahead in violation of Sec. 121.3(a), supra; in failing to keep a proper lookout and in failing to turn left and around the Boon automobile.

■ The accident occurred during daylight hours. It is agreed that the maximum permissible speed on the highway at point of accident was 65 miles per hour. Plaintiff contends that defendant was driving her automobile at a greater speed than 65 miles per hour. He relies upon the testimony of Jon's mother to the effect that "I would say she was doing every bit of 65, and perhaps a little over because we were getting ready to go up the hill." The accident occurred several hundred feet from the point where defendant's automobile started up the hill and the fact that the automobile was perhaps traveling a little over 65 prior to starting up the hill does not establish that it continued on at a speed in excess of 65 miles per hour. We are of the opinion that the evidence fails to show that defendant was operating her automobile at an unlawful speed at the time Boon drove his automobile onto the highway in order to cross same and reach the private driveway.

■■ At the time the accident occurred the paving was dry, the weather was clear and no conditions are shown to have existed which would show that operating an automobile at speed of 65 was unreasonable or

improper. Plaintiff, however, argues that defendant had an unobstructed view of Boon's automobile from a point some 1500 feet east of the point of the accident and that defendant was negligent in not reducing the speed of her automobile after she saw or should have seen Boon's automobile. The plaintiff therefore contends that defendant should have anticipated that Boon would drive his automobile across the highway in front of defendant's automobile and that his action would possibly result in defendant's automobile colliding with Boon's automobile. We are unable to agree. The driver of an automobile is not bound to anticipate negligence on the part of another driver. 5A Am. Jur. "Automobiles and Highway Traffic", Sec. 204, p. 353, and Cyc. of Automobile Law and Practice, Blashfield, Vol. 1, Part 2, Per. Ed., Sec. 650, p. 511. In the last cited authority it is stated that the operator of an automobile "may reasonably rely on the assumption that all persons will exercise due care for their safety until he knows, or should know, otherwise, and, when operating his automobile in a lawful manner, seeing another occupying a place of safety and conscious of the approach of the vehicle, may assume that the other will not deliberately leave the place of safety. In fact, it is the general rule that he is not bound to anticipate that any one will act negligently or in violation of the law."

The evidence fails to show that defendant had reason to believe that Boon would drive his automobile across the highway and the pathway of defendant's automobile.

Plaintiff also contends that the evidence shows that defendant failed to keep a proper lookout for other vehicles and had she done so the accident would not have occurred. The only evidence bearing upon this contention is that the distance from the point where the Boon automobile was stopped on the shoulder of the highway to point of collision was approximately 45 feet; that as evidenced by tire marks the defendant applied her brakes approximately 60 feet from point of accident. This accident does not show that defendant failed to apply her brakes immediately upon discerning that Boon was attempting to drive across the highway. In Underwood v. Fultz, Okl., 331 P.2d 375, we held in substance that while the driver of an automobile is required to be vigilant and keep a proper lookout, he is not bound to anticipate that a child will suddenly run across the street in front of his automobile. In the cited case the driver knew that children played in the vicinity of the accident but did not see the child that her automobile struck until the instant of impact of the automobile with the child.

■■ Plaintiff also contends that if defendant had turned her automobile to the left that the accident would not have occurred. The accident occurred in a no-passing zone for west-bound traffic, therefore, if defendant had turned her automobile to the left and onto the south portion of the highway she would have violated a traffic statute. In our opinion Boon's action clearly created an emergency that momentarily rendered defendant incapable of making a judicious decision that might have served to avoid the accident and defendant should therefore not be held guilty of negligence in not turning to the left. See Wilson v. Roach, 101 Okl. 30, 222 P. 1000 and 5A Am. Jur. "Automobile and Highway Traffic", Sec. 211, P. 356.

Plaintiff cites and relies upon Shead v. Mann et al., 199 Okl. 275, 185 P.2d 691. The facts of the cited case serve to distinguish the cited case from the instant case. In the cited case the collision between the bus and automobile occurred at an intersection which was subject to use by both vehicles. The driver of the automobile which struck the bus as it was making a left-hand turn at the intersection, could therefore have anticipated that the bus would make such a turn.

We are of the opinion that the evidence wholly fails to show that defendant was guilty of negligence and for said reason the trial court did not err in sustaining defendant's demurrer to plaintiff's evidence.

After plaintiff's first motion for new trial had been overruled and after the term of court at which the judgment appealed-from had been promulgated, plaintiff filed a second motion for new trial based upon allegedly newly-discovered evidence. No summons was issued or served on defendants in connection with said second motion for new trial. By reference the affidavit of a Mr. S. was made a part of said motion. It was stated in the affidavit that "at a point approximately one-half mile east of the entrance road to the Rex Winget farm, I was passed by a station wagon automobile with passengers in it driven by a woman at a high, dangerous and excessive rate of speed of approximately 80 miles per hour. The station wagon automobile never slackened its speed during the time it was in my view. I lost sight of the station wagon automobile as it passed over the rise just east of the Rex Winget farm entrance road, and an instant later when I passed over the same rise, I saw that a collision had occurred between the station wagon automobile and a Plymouth sedan automobile at the entrance of the Rex Winget farm road." As heretofore indicated the "rise" that Mr. S. refers to is approximately 1,500 feet east of point of accident. Mrs. Griffeth testified that defendant, prior to the collision, stated that she would slow down and that she did. The highway patrolman who investigated the accident fixed the speed of defendant's automobile prior to the accident at from 60 to 65 miles per hour. The referred-to testimony tends to establish that while defendant may have been operating her automobile at an excessive rate of speed at a point some distance from point of accident, she was not in fact operating same at an excessive speed immediately before the accident. It is, therefore, apparent that the testimony of Mr. S. was cumulative and would have been of little, if any, probative value.

We are of the opinion that in overruling the second motion for new trial the trial court did not abuse its discretion. See Magnolia Petroleum Co. et al. v. McDonald,

168 Okl. 255, 32 P.2d 909; Berry v. Park, 188 Okl. 477, 110 P.2d 902, and cited cases.

Affirmed.

DAVISON, C. J., and WELCH, HALLEY and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and JACKSON, JJ., dissent.