STANOLIND OIL & GAS CO.
v. CARTWRIGHT et ux.

No. 33171.     Oct. 5, 1948.

Rehearing Denied Oct. 26, 1948.

*198 P. 2d 737.*

634

Donald Campbell and E. O. Patterson, both of Tulsa, for plaintiff in error.

C. Lawrence Elder and John L. Dunn, both of Tulsa, for defendants in error.

GIBSON, J. Defendants in error, B. F. Cartwright and Mary Cartwright, as plaintiffs, instituted this action against plaintiff in error, Stanolind Oil & Gas Company, as defendant, to recover a money judgment for damages to real estate and to personal property. The cause was tried to a jury which rendered a verdict for plaintiffs in the sum of $1,500. Upon hearing motion for new trial plaintiffs, in order to avoid the motion being sustained upon the ground that the judgment was excessive, filed a remittitur of the amount thereof in excess of $1,000, and thereupon the motion was overruled and judgment was awarded plaintiffs in the sum of $1,000. Defendant appeals. The parties will be referred to as they appeared in the trial court.

For reversal there is urged insufficiency of the evidence to sustain the judgment and error in the court's instructions to the jury.

Plaintiffs are owners of a two-acre tract of land upon which they reside, have a vegetable garden, an orchard, and raise chickens. The tract lies contiguous to lands of defendant, lying south, upon which it operates a laboratory for research and experiments involving, among other things, analysis of oil. Adjoining defendant's property on the southeast are premises upon which U. S. Engineers operated a plant where trucks and other equipment were overhauled and prepared for reshipment. Beginning on the Engineers' property and extending thence in a northwesterly direction through the lands of defendant onto and across the lands of plaintiffs, there is a small drainage ditch. The lands of both plaintiffs and defendant, lying southwest and northeast thereof, slope toward the. ditch and the surface drainage in said areas, within which defendant's plant is located, flows into the ditch. On defendant's land, and adjacent to the ditch, is a low marshy area which gathers surface drainage and by aid of a slight embankment made by defendant a pond is formed for the retention of the drainage.

It is alleged in plaintiff's petition that the defendant "permitted large amounts of oil and other poisonous and deleterious substances" to escape from their premises and flow over the lands of plaintiffs, causing the injuries complained of.

In support of the assignment of the insufficiency of the evidence to sustain the judgment, it is urged that it was incumbent upon the plaintiffs to prove that the oil as well as any other substances included in the allegations were of such nature and character as to' cause the resulting damage. Also, that there is no evidence of any substance escaping other than the oil floating upon the water and that no chemical analysis was made to show that the oil so floating was poisonous. There is cited Tit. 29 O. S. 1941 §273, inhibiting the escape of "crude oil or other deleterious substances". It is urged that the statutory recognition of the deleterious character of oil applies only to crude oil and that, since there is no proof that the oil which escaped was crude oil, it was incumbent upon plaintiffs to prove that the oil was deleterious and that, independently thereof, there is no foundation for the jury's verdict other than conjecture.

It is true that such burden rests upon the plaintiffs. But it does not necessarily follow it can be sustained only by direct evidence of the identity or qualities of the substance. Such is true because a cause may be proven by the effect thereof. Such additional method of proof is recognized in Prest-O-Lite Co. v. Howery, 169 Okla. 408, 37 P. 2d 303, 305, as follows:

"If it had been proved that at the time the injuries were incurred, there were poisonous or deleterious substances in the water, harmful to animal life, or if it had been proved that the animals and fowls died as a result of drinking the water, a different situation would prevail, but the failure to prove one of these circumstances is fatal to plaintiff's right of recovery."

On the occasion of the injuries, in March 1944, there was a heavy rainfall. The water, carrying oil, spread over areas of plaintiffs' land lying on both sides of the ditch and into their henhouse. On recession oil was left clinging to the vegetation in the area of the overflow and upon the chickens that had gone to roost in the henhouse and on the "setting eggs" therein. There is testimony that quickly following the overflow the leaves upon the trees and the vegetation in the area of the overflow turned brown and died, that the land in the area had failed thereafter to produce, and that the chickens died and the eggs failed to hatch. It is suggested that the use by the plaintiffs of gasoline to wash the oil from the chickens was a more potent cause for their death than the oil; that the washing of surface ground from the roots of the trees was a more probable cause of their death. The variety of the things injured and the coincidence in the point of the time thereof, and all immediately following a common circumstance, negative the idea of separate and independent causes. We consider such evidence competent and material in determining the question of the proximate cause of the injury, and therefore the question was for the jury and not the court. Lone Star Gas Co. v. Parsons, 159 Okla. 52, 14 P. 2d 369.

Error is predicated upon the following instructions of the court which are numbered one and two, respectively:

"Instruction No. 1

"You are instructed that in order for plaintiffs to recover the damages claimed, or any damages from defendant, they must establish to your satisfaction, by a fair preponderance of the evidence, not only that defendant carelessly and negligently permitted such substance to overflow the land of plaintiffs but that such substances other than oil were poisonous or deleterious and were of such nature and character to cause the injury complained of. The burden of proof rests upon plaintiffs to establish the harmful or dangerous nature of the substances claimed by them to have been deposited on their land, and that the nature and character thereof was such as would produce such injury or damage.

"Instruction No. 2

"The mere fact that plaintiffs may have suffered damage is not of itself sufficient to entitle them to recover therefor of defendant. The proof must show that such damage resulted from the careless or negligent act of defendant. You may not speculate as to the cause of the damage or the amount thereof, and unless you are able to find from a preponderance of the evidence that the substances deposited on the land of plaintiffs were in fact poisonous or deleterious, and of a nature and character which would have caused the damage, you would not be warranted in finding that defendant was liable for such injury or damage."

As to instruction No. 1, it is urged that it is a judicial determination of the deleterious and poisonous character of oil without reference to the actual fact, and therefore an invasion of the province of the jury. And concerning the effect arising from this instruction and instruction No. 2, which is recognized as correctly stating the law, it is declared:

636

"In one instruction the jury are told they need not find that the only substance, namely, waste refined oil, was poisonous or deleterious, but should assume such without proof, and in the other, that unless they did so find from the preponderance of the evidence, they could not hold defendant liable."

And it is contended there is an irreconcilable conflict which tends to confuse the jury.

Standing alone, instruction No. 1 appears to take judicial notice that the oil which escaped was poisonous and deleterious, but the inference arises only because the requirement of proof of such qualities is applied only to the substances other than the oil. By instruction No. 2 there is a positive requirement that proof be made that the oil was poisonous and deleterious. In such situation we have repeatedly held, as in Rafferty et al. v. Collins et al., 160 Okla. 63, 15 P. 2d 600, as follows:

"In a law action instructions given by the trial court must be considered as a whole. An instruction which when standing alone would seem to assume the existence of a controverted fact in issue is not erroneous when considered with other instructions which tell the jury that before a verdict can be found for plaintiff they must find from a preponderance of the evidence the existence of such controverted fact."

And in Wilson & Co., Inc., v. Campbell, 195 Okla. 323, 157 P. 2d 465, we said:

"An instruction which by itself would be erroneous but which is cured by a later instruction which fairly incorporated the issues presented is harmless error and will not work a reversal of a judgment."

In plaintiffs' petition it is alleged that the oil is deleterious. In court's instruction No. 10 it is declared, without qualification, that the burden is upon the plaintiffs to prove the allegations of the petition.

Considering the instructions as a whole, we think it clear that the jury was given to understand that the poisonous and deleterious quality of the oil was a controverted fact and that proof thereof by plaintiffs was necessary in order to recover and hence could not have been confused.

Affirmed.

Rehearing Denied Oct. 19, 1948.