## RICHARDSON v. BUTLER.

No. 34710.    Jan. 22, 1952.

Rehearing Denied Feb. 26, 1952.

*240 P. 2d 1058.*

Bruce & Rowan, Oklahoma City, for plaintiff in error.

Wm. H. Lewis, Oklahoma City, for defendant in error.

GIBSON, J. On April 17, 1948, plaintiff (defendant in error here) filed his petition in this case. Issue was joined and a jury waived. A trial was had before a judge of another division, who entered judgment for plaintiff in the sum of $115. Defendant filed a motion for new trial which was sustained.

Aside from the pleadings and judgment no part of that record is before us.

On December 8, 1948, plaintiff filed an amended petition. He alleged that on March 24, 1948, he took his Pontiac sedan to defendant, who was the owner and operator of Richardson Service Station, for the purpose of having his automobile washed, greased and oil drained and new oil put into crank case. That defendant failed and neglected to put in new oil, and by reason of his breach of duty the motor of plaintiff's auto was completely burned up because of lack of oil, and he alleged other damages all in the total sum of $453.65. Defendant filed an answer denying generally and specifically the charges of plaintiff's petition; alleging he did put in said car 5 quarts of oil from sealed cans; that if plaintiff's car was damaged it was due to some other causes and that the major portion of the damage was a result of plaintiff's own negligence, in continuing to drive the car after discovery that it was not getting proper lubrication.

Following a trial a six man jury returned a unanimous verdict for plaintiff in the sum of $375.25 with interest. Judgment was rendered on the verdict. From an order overruling his motion for new trial, defendant appeals.

The petition in error contains fifteen assignments of error but in the brief they are summarized under two propositions.

Defendant says that he is not unmindful of the rule and decisions of this court holding that if there is any evidence reasonably tending to support the verdict of the jury this court will not reverse the case, but he says that in this case there is no competent evidence tending to support the verdict of the jury, and that the verdict was based on conjectures and conclusions.

Plaintiff's evidence was both factual and circumstantial. Evidence is uncontradicted that defendant operated a filling station in Oklahoma City; that plaintiff, a farmer, took his automobile to defendant's place of business and left it to be washed, to have the oil changed and have the auto lubricated; that defendant undertook, for a consideration paid, to perform that service; that plaintiff, in company with five other persons, started to drive to Taft, Oklahoma; that after driving approximately 130 miles and near the town of Boynton the pressure went down on the car, the oil gauge fell to zero and the car was hot and whatever was in the oil gauge was "frying like grease." Plaintiff drove to Boynton and had the oil drained. He kept a jar of the substance drained and it was put in evidence. Plaintiff put in new oil and continued the journey. After traveling about six miles a rod came through the block. Next day the car was towed back to Oklahoma City. There is no evidence disputing that of plaintiff that the car was in number one condition when delivered to defendant.

The evidence was conflicting as to the character of the substance drained from the motor. It is plaintiff's contention that it was a kerosene flush used to flush out motors, and that after the flushing the defendant forgot to put in new oil. Several witnesses, one a mechanic of 17 years' experience, testified that the substance was kerosene flush and not oil.

Plaintiff's mechanic testified that improper lubrication caused the damage to his car and that the substance drained from the motor had no lubricating qualities.

The defendant and his mechanic both testified that they put 5 cans of oil from sealed cans into the car. The testimony of plaintiff's and defendant's witnesses cannot be reconciled. The jury believed plaintiff's witnesses. It cannot be said that there was no substantial evidence supporting the verdict.

Defendant's evidence suggested various things which could cause an auto-

mobile motor to heat, even with proper lubrication.

"Facts may be proved by circumstantial as well as by positive or direct evidence, and it is not necessary that the proof rise to that degree of certainty which will exclude every other reasonable conclusion than the one arrived at by the jury." Stanolind Oil & Gas Co. v. Cartwright, 200 Okla. 633, 198 P. 2d 737.

Defendant complains that the evidence is insufficient to sustain the verdict and judgment and that the court erred in overruling defendant's demurrer to the evidence. Defendant's demurrer to the plaintiff's evidence was overruled. Defendant then introduced his evidence. No additional demurrer to plaintiff's evidence was interposed and defendant did not move for a directed verdict at the close of all of the evidence.

Under this state of the record the defendant waived his demurrer to the evidence and he cannot now urge that the evidence was insufficient to establish a cause of action in favor of plaintiff. Marland Refining. Co. v. Harrel, 167 Okla. 548, 31 P. 2d 121; Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677.

Defendant said in his motion for new trial that prejudice and ill-feeling on the part of one juror developed after the juror was permitted to question a defendant witness. It is said that after the jury was discharged this juror stated that he got mad when the witness testified that oil and gasoline were mixed in the drained substance. Both plaintiff and defendant consented to the juror asking his questions. There is no evidence in this record as to what effect the answers of the witness had on that particular juror or any member of the jury. There is only the statement of counsel and no evidence as to what was said by the juror after the discharge of the jury. If it should be conceded that the juror became angry at the testimony of the witness there is no showing that he influenced any other juror. The verdict was unanimous. Nothing concerning this incident is properly before us for review. There is no merit to this contention by defendant.

Defendant has had two trials of this cause, one by the court without a jury and one before a jury. Judgment went against him in both cases.

We have reviewed this record and find no error which would entitle defendant to a new trial.

Affirmed.

Plaintiff has prayed judgment on the supersedeas bond filed herein, and judgment is hereby rendered in favor of plaintiff and against the sureties, E. C. Moon and Homer Dickson, for the amounts due under the judgment of the trial court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.