ODENEAL et al. v. HALLEY.

No. 34129.    Sept. 30, 1952.

Rehearing Denied Jan. 7, 1953.

*251 P. 2d 1048.*

Fred W. Martin, Wagoner, for plaintiffs in error.

Charles G. Watts, Wagoner, and John W. McCune and Logan Stephenson, Tulsa, for defendant in error.

PETERSON, S. J. This is an action attacking the validity of a tax deed. For convenience the parties will be referred to as plaintiffs and defendant as they appeared in the trial court.

The material allegations set out in plaintiffs' petition are in brief as follows: That plaintiffs are the owners of all the title in and to, and are entitled to the immediate possession of, the following described land in Wagoner county, State of Oklahoma, towit: West ½ of the N.W. ¼; and N.E. ¼ of the N.W. ¼ of Sec. 22, Twp. 19 N., Range 16 E.; that the defendant is wrongfully in possession of said land; that defendant claims some right, title or interest therein, the exact nature of which is unknown to plaintiffs; and that such claim should be canceled.

The defendant, in his answer to the petition, denies that plaintiffs own any title but avers that he claims all of the fee-simple title in and to said land, and rests his title upon a county treasurer's resale deed, dated May 1, 1939, issued to one Harry Dyer, who purchased the land at the 1939 tax resale in Wagoner county, and who, on June 9, 1939, by quitclaim deed conveyed all the title to defendant; that defendant has been in peaceable and exclusive possession thereof ever since, paying all taxes thereon.

To the defendant's answer the plaintiffs replied in part as follows:

"Said plaintiffs further state that the tax deed mentioned and set forth in defendant's answer is void and said sale therein referred to was void for the following reasons, to-wit:

"1. House Bill 121 of the Acts of the 1939 Legislature contains the emergency clause and became immediately effective as to all parts thereof, except Sections 1 and 11, upon the approval thereof on April 15, 1939. That Section 17 of said Act repealed Sections 12753, 12754 and 12755, Oklahoma Statutes, 1931. Said repeal withdrew all authority of the County Treasurer of Wagoner County to sell said property at resale.

"The emergency attached to said Act was not effective as to Sections 1 and 11, thereof, until July 18, 1939, so therefore on May 1, 1939, there was no law in effect in the State of Oklahoma authorizing the sale of property for delinquent taxes.

"2. The notice of the 1939 resale was published in the Record Democrat, Wagoner, Oklahoma, for the first time on March 16, 1939. That on March 16, 1939, the fourth quarter of the 1938 taxes were not delinquent. That the county treasurer in said notice stated:

"'* * * provided that for each parcel, or tract other than vacant lots situated in a city or town, the bidder offers a sum equal to or greater than the full amount of ad valorem and special taxes, including paving assessments and drainage assessments due and unpaid thereon, together with all interest, penalties and costs accrued. * * *'.

"That in said resale notice, said treasurer inserted the total amount of $258.70, which total amount included the fourth quarter of the 1938 taxes, which were actually due, but which were not delinquent at the time of first publication of said notice.

"3. That the county treasurer of Wagoner county in selling the above described property at the 1939 resale sold the same for all taxes due including all of the 1938 taxes, and endorsed on the 1938 tax rolls the statement: '1938 taxes cancelled at 1939 resale.'

"4. That the notice of resale of the above described premises for the year of 1939 set forth as the amount of taxes delinquent in a sum in excess of the correct legal amount."

The issues, which were joined by the pleadings as above stated, were tried

to the court without the intervention of a jury. Naomi M. Harris, deputy county treasurer of Wagoner county, was the only witness testifying on behalf of plaintiffs. This witness, in brief, testified that Vol Odom was the county treasurer in 1939; she identified the official record of the proceedings covering the sale of the land had at the 1939 resale. She was asked by counsel for plaintiffs: "I notice at the bottom of this record it has the total delinquent as $252.42 and the total due $258.70; do you know what represents the difference there between the total due and the total delinquent, if you know?" Witness answered, "No, sir; I don't know."

The witness further testified that all the figures appearing in the record were not those of the present county treasurer or his deputies but were those of former county treasurer, Vol Odom. That the 1938 tax roll relating to the land shows the 1938 taxes canceled.

On cross-examination the witness stated that the total taxes on said land for the year 1938 was $27.09. That one-fourth of $27.09 is $6.77¼ and that the sum of $6.77¼ and $252.70 is $259.19¼, which, she stated, does not correspond with the $258.70. Defendant's counsel then asked the witness: "Can you say now whether the taxes for the last quarter of 1938 were added to that figure, or not?" Answer: "I do not know."

The witness further testified that the records show that the land was sold to Harry Dyer for $275 and deed, dated May 1, 1939, was issued to the purchaser, and that the surplus of $16.30 went to the former owner.

The plaintiffs introduced documentary evidence relating to the resale proceedings of the land, including copy of the list of delinquent taxes and copy of the notice of the 1939 sale of the property.

At the conclusion of the testimony submitted by plaintiffs and defendant, the defendant demurred to the evidence of the plaintiffs and moved for judgment on the evidence in his favor. The court sustained the demurrer and motion and dismissed plaintiffs' petition.

In due time the plaintiffs asked for a new trial and gave the following as their reasons therefor:

"1. Error of the court in sustaining the demurrer of the defendant, Harry L. S. Halley.

"2. Error of the court in granting judgment to the defendant Harry L. S. Halley.

"3. Error of the court in not entering a judgment in favor of the plaintiffs, cancelling the tax deed.

"4. Newly discovered evidence, material for plaintiffs, which they could not, with reasonable diligence, have discovered and produced at the trial."

The following affidavit, omitting the formal portion thereof, was attached to the motion for new trial:

"Fred W. Martin, being first duly sworn, states: That on the afternoon of Saturday, February, 19th, 1949, he accidently met Mrs. Vol Odom, who was the county treasurer of Wagoner county, Oklahoma, in 1939. That Vol Odom does not now live in Wagoner, and said affiant did not know that he would be here on said date. That Mr. Vol Odom is now employed by the State Examiner and Inspector, and was in Wagoner on his way to Muskogee, Oklahoma, to attend the meeting of the State League of Young Democrats. That in discussing this case with Vol Odom, said affiant discovered for the first time that if he was called as a witness in this case that he would testify as follows:

"That he (Vol Odom) prepared the notice of resale held in Wagoner County, Oklahoma, in 1939. That in said notice he gave the total amount of the taxes that would be delinquent with the penalties thereon, computed to the date of the resale and designated this sum as 'total delinquent.' That in the total delinquent he did not include the last quarter of the 1938 taxes. That in the amount shown as 'total due' he added the last quarter of the 1938 taxes.

"That he filed his work sheet in the office of County Treasurer when he left that office, and if permitted to testify from this work sheet he will explain how he arrived at his figures. That if the difference between 'total delinquent' and 'total due' is different from the fourth quarter of the 1938 taxes it is the result of an error in computation, as it was attempted to include the fourth quarter, and entered a notation on the 1938 tax rolls that all of the 1938 taxes had been cancelled by said resale. That in setting aside the surplus for the record owner he set up the difference between the amount received, and all of the taxes and penalties, including said fourth quarter of the 1938 taxes."

"That said Vol Odom left his address with the attorney for the plaintiffs, and agrees to appear and testify on reasonable notice.

"Further affiant saith not.

"Fred W. Martin."

The court overruled plaintiffs' motion for new trial, and they have appealed.

Plaintiffs urge as grounds for reversal three propositions of law, to wit:

1. The 1939 resale was invalid in its entirety, for the reason there was no law in effect at the time of the resale giving the county treasurer authority to sell said property.

2. The resale tax deed in this case is void for the reason that the said property was advertised that it would be sold, provided the total amount of all taxes due were bid and sold for all taxes due including the last quarter of the 1938 taxes which were due, but not delinquent upon the date of the first publication of notice of the 1939 resale.

3. The court erred in not granting a new trial on the grounds of newly discovered evidence.

We will consider these three propositions in the above order.

Said §12753, C.O.S. 1931, is as follows:

"Whenever the County Treasurer of any county shall make a note of such bid and purchase upon his sales record, and if any real estate so purchased by the county shall remain unredeemed for a period of two years from date of sale, and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the County Treasurer shall proceed to sell such real estate at public auction, when same has been advertised as herein provided."

The same authority was given in §1, H.B. 121, 68 O.S. 1951 §432 (the 1939 Resale Act):

"If any real estate purchased by the county at delinquent tax sale shall remain unredeemed for a period of two years from date of sale and no person shall offer to purchase the same for the taxes, penalty and costs due thereon, the County Treasurer shall proceed to sell such real estate at resale, which shall be held on the second Monday of May each year in each county; provided however, that the 1939 resale shall be held on the third Monday of April. Laws 1939, p. 546, Sec. 1."

The saving clause of the 1939 Act, being §17 of H. B. 121, kept §12753, C.O.S. 1931, in effect for the purpose of completing the sale inasmuch as the sale proceedings were commenced by publication notice while the 1931 act was in effect and before it was repealed. Said section reads as follows:

"Provided, that the repeal of said sections shall not operate to defeat or nullify any proceedings had or commenced under said repealed sections prior to the effective date of this Act with reference to the resale of April, 1939, and any such proceedings shall be considered as being in compliance with the provisions of this Act."

We hold that the 1931 Act was continued by §17 of said H. B. 121 to permit the completion of the proceedings commenced under it prior to repeal, and that by reason thereof the county treasurer had legal authority to advertise and sell the land at the 1939 resale.

Plaintiffs contend in their second proposition that the county treasurer in-

cluded the last quarter of the 1938 taxes in the resale and that the deed, therefore, is void; citing Sarkeys v. Evans, 197 Okla. 304, 170 P. 2d 229, and other cases.

It is conceded by the defendant in his brief that it is the law of this state that the inclusion of the last quarter taxes in the notice of the sale when such last quarter of taxes were not delinquent invalidated the sale; but the defendant contends that the record does not show such to be the facts in this case.

The notice of sale as set out in the case-made is as follows:

"Plaintiffs' Exhibit 3

"Published in the Record-Democrat March 16, 23, 30 and April 6. 1939.

"Notice of Re-sale of Real Estate
"for Taxes, Wagoner County,
State of Oklahoma

"Notice is hereby given that, under authority and direction of Sections 12754, 12755 and 12756, O.S. 1931, each of the hereinafter described lots, tracts, and parcels of real estate, all situated in Wagoner County, State of Oklahoma, will be sold at public auction to the highest competitive bidder for cash, provided that for each parcel or tract, other than vacant lots, situated within a city or town, the bidder offers a sum equal to or greater than the full amount of ad valorem and special taxes, including paving assessments and drainage assessments due and unpaid thereon, together with all interest, penalties, and costs accrued and legally due on date of resale; said sale to be held at the office of the county treasurer in the Court House at the County Seat of Wagoner County, State of Oklahoma, beginning on the third Monday in April, 1939, between the hours of 9:00 a.m. and 4:00 p.m. and continuing from day to day thereafter between the same hours until said · sale has been completed according to law.

"It is hereby stated that none of the following described lots, tracts, and parcels of real estate has been redeemed for the period of two years from the date of sale to the county, and that the following each described lot, tract, and parcel of real estate in the schedule below appears, in the order herein set out, the name of the owner as shown by the last tax rolls in the office of the County Treasurer the date on which said real estate was sold to the county for delinquent taxes, the year or years for which taxes have been assessed (dash indicates first to the last year inclusive), now delinquent and unpaid, the total amount of taxes, costs, penalties and interest due on each.

"The above notice applies to the following lots, tracts, and parcels, to-wit: * * *

"N2 NW; SW NW; sec 22 twp 19 rge 16, H. W. Sanderson Sold 11-3-1930; years 1929-1937, 3-4 1938; total delinquent $252.42; total due $258.70."

The burden of proof was on the plaintiffs to show that the county treasurer included the last quarter of the 1938 taxes in the resale. Johnson v. Bloomer, 191 Okla. 368, 130 P. 2d 298. We find and hold that the plaintiffs failed to produce such proof.

The third and last proposition urged by plaintiffs is that they are entitled to a new trial on the grounds of newly discovered evidence, which is set forth in the above affidavit of Hon. Fred W. Martin, their attorney.

We hold that this affidavit does not meet the test of that which constitutes due diligence and that which is required to be set forth in such affidavit, as set out in Berry v. Park, 188 Okla. 477, 110 P. 2d 902, and other cases therein cited.

Judgment affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., having certified their disqualification, TED FOSTER, W. E. GREEN, ROY PAUL, W. J. PETERSON, WM. D. FRENCH, A. L. COMMONS, CECIL R. CHAMBERLAIN, and J. B. MOORE were appointed to serve in their stead.