**O. H. STOUT, an individual doing business as Stout Concrete Company,' and Jimmy Clayton Conger, Plaintiffs in Error,**

v.

**Billie Louise TAYLOR, Defendant in Error.**

**No. 36860.**

Supreme Court of Oklahoma.

Nov. 29, 1955.

Ryan Kerr, Altus, for plaintiffs in error.

Oden & Oden, Altus, for defendant in error.

HUNT, Justice.

This is an action brought by Billie Louise Taylor to recover damages for personal injuries as a result of an automobile collision between a car in which she was riding and being driven by her husband and a truck owned by defendant O. H. Stout and being driven by his employee Jimmy Clayton Conger. The injury is alleged to have occurred at the intersection of West Hardy and North Blain Streets in Altus, Oklahoma. Immediately prior to the injury the car in which plaintiff was riding was traveling in an easterly direction on West Hardy Street approaching the intersection from the west. The driver of the truck was driving south on North Blain

Street approaching the intersection from the north. Plaintiff's husband entered the intersection first and had the right-of-way when the driver of the truck collided with his car.

Plaintiff in her petition alleges that defendants were guilty of negligence in the following particulars; failure to yield the right-of-way; the driver of the truck was driving at a reckless rate of speed; driving into the intersection on the left or wrong side of the street; failure of the driver of the truck to keep a proper lookout to discover traffic approaching the intersection; failure to exercise due and proper care after entering the intersection to avoid the collision.

Defendants in their answer deny that Jimmy Clayton Conger, driver of the truck, was guilty of negligence but affirmatively allege that the collision was caused solely because of negligence of plaintiff's husband.

At the close of plaintiff's evidence defendants demurred thereto on the ground that plaintiff failed to show by competent medical testimony that the condition of which she complains was the direct result of the injury. The demurrer was overruled. Defendants then offered their evidence in support of their defense. The cause was submitted to the jury and a verdict returned in favor of plaintiff. Defendants appeal.

The only error assigned by defendants is that the court erred in overruling their demurrer to plaintiff's evidence. This appeal, therefore, can be, and must be disposed of on defendant in error's proposition No. 2 as set out in her brief as follows:

"The defendants cannot urge insufficiency of the evidence because they have waived their demurrer to the evidence."

Defendants did not stand on their demurrer but offered evidence in support of their defense and did not at the close of all of the evidence renew their demurrer or move for a directed verdict. We have many times held that if a defendant, after his demurrer to the evidence of plaintiff has been overruled, does not stand upon the demurrer but puts on his evidence, he waives the demurrer; and if he does not move for a directed verdict or renew his demurrer after the parties have finally rested he cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of plaintiff. We quote from Marland Refining Co. v. Harrel, 167 Okl. 548, 31 P.2d 121, 124, as follows:

"It also appears that, at the close of plaintiff's evidence in chief, defendant interposed separate demurrers to the evidence offered in support of plaintiff's several causes of action. The demurrers were overruled and exceptions saved. The defendant, however, did not stand upon its demurrer, but introduced its evidence, and plaintiff introduced rebuttal evidence. At the close of all of the evidence, defendant did not renew its demurrer or orally move for judgment in its favor. Plaintiff contends that defendant cannot now urge that the evidence was insufficient to establish a cause of action in favor of plaintiff. Plaintiff's position in this regard is substantiated by the rule announced in the case of Seidenbach's, Inc., v. Muddiman, 155 Okl. 61, 7 P.2d 471, wherein it is said: ' "If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer but puts in its evidence, it waives the demurrer, and if it does not move for a directed verdict after the parties have finally rested, it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff." Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okl. 44, 3 P.2d 156.' See, also, Watson v. Doss, 151 Okl. 132, 3 P.2d 159; Abraham v. Gelwick, 123 Okl. 248, 253 P. 84.

"We are therefore precluded from considering any assignment of error which relates to the insufficiency of the pleadings or of the evidence to establish plaintiff's cause of action."

Also, to the same effect, see Bolon v. Smith, 170 Okl. 407, 40 P.2d 677; Lewis

v. Boise, 205 Okl. 189, 236 P.2d 258; Richardson v. Butler, 206 Okl. 79, 240 P.2d 1058.

However, an examination of the record discloses that the demurrer was properly overruled and that the evidence reasonably tends to support the verdict of the jury and the judgment rendered thereon.

The judgment of the trial court is therefore affirmed.

Plaintiff having requested judgment on the supersedeas bond filed in the trial court, copy of which is incorporated in the case made, it is therefore ordered, adjudged and decreed by this court that the plaintiff, Billie Louise Taylor, have and recover from the defendants, O. H. Stout and Jimmy Clayton Conger, and from the United States Fidelity and Guaranty Company, the surety on the supersedas bond, the sum of $4359 with interest thereon at the rate of six per cent per annum from November 30, 1954, until paid, and all costs.