Barney **FRIEDMAN** and Sarah Friedman, husband and wife, d/b/a City Metal Salvage Company, Plaintiffs in Error,

v.

Leroy **HILL**, Defendant in Error.

No. 37487.

Supreme Court of Oklahoma.

Jan. 21, 1958.

Rehearing Denied April 15, 1958.

Application for Leave to File Second Petition for Rehearing Denied May 20, 1958.

John B. Ogden, Oklahoma City, for plaintiffs in error.

Roger H. Swan, Oklahoma City, for defendant in error.

## PER CURIAM.

This action was initiated by the plaintiff, defendant in error, to recover from the defendants, plaintiffs in error, the amount of unpaid wages and overtime as determined by the provisions of the Federal Fair Labor Standards Act of 1938, sec. 16(b), 52 Stat. 1060, 29 U.S.C.A., § 216 (b). We shall continue to refer to the parties by their trial court status.

The petition alleged that the plaintiff was employed by the defendants as a "weigher of Motor Freight Carriers" and night watchman, a job covered by the provisions of the Act, and that he had not received payment in the amount specified by the minimum wage scale established by said Act. Judgment was asked for the deficiency between the amount paid plaintiff and the amount due under the provisions of the Act for the number of hours worked by him, with liquidated damages and attorney fees as provided therein. The action was tried to a jury whose conclusion, expressed by its answers to interrogatories, favored plaintiff and judgment was rendered for him. Defendants appeal.

The first three propositions presented by the defendants concern the sufficiency of the evidence to sustain a judgment for plaintiff. However, the sufficiency of the evidence to sustain the judgment is not open to examination by this court. At the conclusion of the plaintiff's evidence in chief the defendants demurred and this demurrer was overruled by the court. Thereafter, the defendants proceeded to introduce evidence in their own behalf and at the conclusion of all the evidence they did not renew the previous demurrer or move the court to direct a verdict in their favor. Thus the sufficiency of the evidence to sustain the judgment has not been presented for review. Richardson v. Shaw, Okl., 313 P.2d 520, and Richardson v. Butler, 206 Okl. 79, 240 P.2d 1058; Wright v. Linder, 196 Okl. 493, 166 P.2d 104.

The remainder of the propositions presented for review concern the action of the trial court in denying the defendant's motions for a new trial on the grounds of newly discovered evidence. The defendant's first motion for a new trial alleged newly discovered evidence and contained the affidavits of the defendants with supporting affidavits of persons who it is stated would testify to the facts alleged to be newly discovered. The defendants' affidavits stated that they first discovered this "new evidence" by "talk-

ing about the case and *it's* result to various people who came into their place of business, and who in turn advised the said defendants of what their testimony could and would be at a new trial." They further alleged in their affidavit:

"That prior to said trial they made diligent search to locate witnesses to prove said facts by going to certain places they believed this plaintiff might have spent time, and people with whom he might have spent time, but despite this reasonable diligence extended, they were unable to secure such witnesses."

The supporting affidavits disclose that such of the alleged "new evidence" is merely cumulative, corroborative · or impeaching in relation to evidence offered at the trial concerning the number of hours plaintiff worked. The affidavit of one witness does contain allegations of fact concerning employment of plaintiff at another job during the period for which he claimed compensation for defendants, but as to this witness we note that his employer testified on behalf of the defendants and that his place of employment was in close proximity to and on the same street as that of the defendants. No testimony other than the affidavits was offered in support of the motion for a new trial. To justify the court in granting a new trial on the grounds of newly discovered evidence, the facts constituting diligence must be shown so that the court may determine whether the diligence used was sufficient. It is not sufficient for the party to allege due diligence; he should allege and prove facts evidencing such diligence. The burden is upon the moving party to show that he used reasonable diligence. As we pointed out in Berry v. Park, 188 Okl. 477, 110 P.2d 902, 905:

" * * * Unless we can say that from the evidence as contained in the record the trial judge should have believed reasonable diligence was used, and should have so concluded as a matter of law, we cannot hold that he was guilty of a faulty fact finding or abuse of discretion. * * * *"

In that regard it was pointed out in Odeneal v. Halley, 207 Okl. 642, 251 P. 2d 1048, 1049:

"The failure to make inquiry of persons likely to know the facts constituting alleged 'newly discovered evidence', such persons being reasonably available upon ordinary inquiry, and there being no hindrance to such inquiry, is failure to exercise reasonable diligence to discover such evidence as might have been established by said persons as witnesses."

We do not believe that a sufficient showing of diligence has been made in this case.

The defendants likewise filed a supplemental and a second supplemental motion for new trial upon the grounds of newly discovered evidence. In the supplemental motion the allegation was "that they made effort and with due diligence were unable to obtain said information before trial", which is a mere conclusion and insufficient to support the granting of a new trial. In addition the evidence offered as newly discovered was collateral to the issues and directed solely to the credibility of the plaintiff as a witness. The second supplemental motion was directed to the capacity of the plaintiff to sue by reason of an adjudication of insanity. Diligence in this regard was likewise not shown and, in any event, the failure to raise the plaintiff's lack of capacity to sue by an appropriate pleading waives that question

Judgment is affirmed.

The defendant in error has requested the allowance of an additional attorney's fee. Under all the circumstances of this case, and in view of the fee allowed by the trial court, we do not believe that the allowance of an additional fee would be justified.

The defendant in error has also requested this court to render judgment on the appeal bond filed herein. In accordance with that request, judgment is here rendered against Barney and Sarah Friedman, principals, and Sam Skalovsky and I. H. Gardner, sureties, on said bond in

the amount of $5,033 with interest at 6% from February 14, 1956, and the cost of this action, judgment here to be enforced by the trial court as if there rendered.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS, J., dissent.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.