H. H. JOHNSTON and Mattie Johnston, Plaintiffs in Error,

v.

TOWN OF CHELSEA, Oklahoma, Defendant in Error.

No. 39693.

Supreme Court of Oklahoma.

Oct. 23, 1962.

H. Tom Kight, Jr., Warren Watkins, Claremore, for plaintiffs in error.

Wilkerson & Wilkerson, by R. A. Wilkerson, Pryor, Bassmann, Gordon, Mayberry & Lavender, by Jack E. Gordon, Claremore, for defendant in error.

DAVISON, Justice.

This is an appeal by H. H. Johnston and Mattie Johnston, husband and wife (plaintiffs below), from an order of the lower court sustaining the motion of Town of Chelsea (defendant below) for a directed verdict in favor of defendant. Plaintiffs' action was for damages for loss and damage to cattle allegedly caused by drinking sewage of defendant from a creek that had its course through plaintiffs' land.

Plaintiffs' petition and amendment to petition alleged that for a number of years defendant had been running treated sewage through their land, but that in 1956 and subsequent thereto the sewer line of defendant broke on a number of occasions causing raw sewage to run into the creek and through plaintiffs' pasture and that the cattle and calves became sick and failed to gain weight and some died. The petition related in separate numbered paragraphs the losses claimed to have been suffered by reason of the death of cows and calves and by reason of failure to gain weight for the years 1957 and 1958. There is an itemization of the monetary losses. The total claimed damages amount to $33,050.00.

At the close of plaintiffs' evidence the trial court sustained defendant's demurrer as to all of plaintiffs' items of damages with the exception of damages for the death of 18 cows during 1958. The basis for such ruling was that plaintiffs had failed to show the resulting pecuniary loss except as to the above stated item of damage. At the close of introduction of all the evidence by all parties the trial court sustained defendant's motion for a directed verdict. The reason given was that no causal connection was shown to exist between the negligence of the defendant and the illness of the cattle. Plaintiffs contend the trial court erred in both rulings.

We will first consider the alleged error in sustaining the motion for a directed verdict. The record, as to evidence produced by plaintiffs, reflects plaintiffs occupied about 900 acres of land close to defendant's corporate limits and had engaged in raising and fattening cattle thereon for about 14 years, and that the creek ran through the property. The number of cattle on hand varied but in 1957 there were about 175 head on hand. Plaintiffs' evidence was that in 1956 and through 1957 and 1958 a sanitary sewer line located up creek from plaintiffs would break on many occasions and discharge raw sewage into the creek and flow into their lands; that the water standing in the creek was dark or green, thick, filthy, and had a foul odor; that the cattle drank from the creek and 2 ponds on the property; and that cows and calves became sick and thin and their hair stuck out in an unhealthy appearance, and failed to gain weight, in contrast with normal health, appearance and growth during prior years.

Plaintiffs testified that in 1957 they called a veterinarian and the cattle were wormed and rewormed and did not improve. On cross-examination plaintiffs testified that after defendant was notified, a veterinarian from "A and M College" and another veterinarian, secured by defendant, examined the cattle and made tests and stated worms and parasites were the cause of the sickness. Plaintiffs' witness, Dr. M, a veterinarian, examined the cattle in April, June and October, 1958, and March, 1959, and testified the condition of the cattle was caused by drinking the water from the creek; that the water had a caustic effect on the animals' stomach; and that his opinion was based upon his observation and not from examination of the intestines or water analysis. Plaintiffs' testimony was that 18 cows and 50 calves died in 1958 and that cows and calves were sold in 1957 and 1958. The sufficiency of plaintiffs' evidence as to fixing the monetary amount of plaintiffs' damages will be considered in another portion of this opinion.

Defendant's evidence as to causal connection attributed the sickness to worms and not to drinking water from the creek.

■ This court is required to consider the evidence in the light of our decision in Towery v. Guffey, Okl., 358 P.2d 812, in which we stated:

"This court has consistently followed the rule that in passing upon a motion for directed verdict, the trial court must consider as true all the evidence favorable to the party against whom the motion is directed, together with all inferences that may be reasonably drawn therefrom, and disregard all conflicting evidence favorable to the movant, and the matter should then be left to the jury if there is any competent evidence tending to show a right to recover under any view of the evidence so considered."

■ It is not a proposition of which side presents the more convincing evidence. In Thompson v. Walsh, 203 Okl. 453, 223 P.2d 357, this court held:

"In a civil case all that the plaintiff is required to prove in order to establish causal connection between defendant's negligence and plaintiff's injury is to make it appear more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence."

■ It appears to be defendant's contention that plaintiffs' proof failed in that it did not show by analysis that the sewage in the creek contained poisonous substances, such as to cause the damage to plaintiffs' cattle. It is true that plaintiffs must furnish evidence of a causal connection. But it does not necessarily follow that it can be sustained only by direct evidence of the identity or qualities of the substance. A cause may be proved by the effect thereof. In Stanolind Oil & Gas Co. v. Cartwright, 200 Okl. 633, 198 P.2d 737, 738, in discussing the sufficiency of such evidence, we stated:

"* * * Such additional method of proof is recognized in Prest-O-Lite Co. v. Howery, 169 Okl. 408, 37 P.2d 303, 305, as follows: 'If it had been proved that at the time the injuries were incurred there were poisonous or deleterious substances in the water, harmful to animal life, or if it had been proved that the animals and fowls died as a result of drinking the water, a different situation would prevail, but the failure to prove one of these circumstances is fatal to plaintiff's right of recovery."

■ It is our conclusion that plaintiffs' evidence of causal connection was sufficient to present a question of fact for determination by a jury and that the trial court erred in directing a verdict for the defendant.

Since the matter is being remanded for a new trial we deem it appropriate to make some comment upon the sufficiency of plain-

tiffs' evidence as to the monetary value of the alleged damages. As stated the trial court sustained defendant's demurrer as to all items of damage except one. This was an item of damage for the death of 18 cows with a value of $200.00 each. Our comment is relative to claimed loss in the sale of calves which had failed to grow or gain weight. Plaintiffs' evidence was that ordinarily and in prior years the calves, within an allotted time, would weigh about 500 pounds. From our examination of the sales slips reflecting weight and sale prices it appears the sold calves weighed substantially less with a consequent pecuniary loss. The evidence of monetary loss may be more satisfactory upon a retrial of the action.

Reversed and remanded with instructions to grant a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, IRWIN and BERRY, JJ., concur.