**Steven MARPLE, Plaintiff in Error,**

**v.**

**Kenneth N. HINSON, Defendant in Error.**

**No. 42417.**

Supreme Court of Oklahoma.

May 12, 1970.

Newcombe, Redman & Doolin, by Ralph W. Newcombe, Lawton, for plaintiff in error.

C. William Stratton, Lawton, for defendant in error.

HODGES, Justice.

This is an appeal from a judgment in a case involving the collision of two automobiles at an open intersection where plaintiff sustained damage to his car and personal items and injury to his person. Parties waived a jury. After a trial to the court, judgment was awarded to plaintiff for $2,396.50 and defendant appeals. We find the judgment should be affirmed.

The accident occurred at the intersection of Glenn Ave. and N.W. 57th Street in the City of Lawton. Plaintiff, Kenneth Hinson, was proceeding East on Glenn Ave. and defendant, Steven Marple, was proceeding North on 57th Street. The collision occurred in the intersection.

The speed limit at this intersection is 25 miles per hour. The rules of right of way at an open or uncontrolled intersection apply, that is, the vehicle entering the intersection on the right of the other vehicle has the right of way if both vehicles approach the intersection at approximately the same time. 47 O.S.1961, § 11–401.

Defendant in his first proposition asserts that the trial court committed error in overruling his demurrer to plaintiff's evidence. The record shows that after the court overruled defendant's demurrer, the defendant then introduced his evidence. Under such circumstances, we have consistently held that the defendant has waived his demurrer and his complaint cannot be heard on appeal. Defendant accepts this general rule, but contends that the rule does not apply in a jury waived case, or in a case where the plaintiff did not introduce rebuttal evidence. We find no reason or precedent for the exceptions. The rule applies equally without exception. Richardson v. Butler, 206 Okl. 79, 240 P.2d 1058; Gentry v. Smith, Okl., 373 P.2d 71.

The last proposition of the defendant attacks the sufficiency of the evidence to support the judgment of the trial court. The trial court found that excessive speed by the defendant was the proximate cause of the accident and that plaintiff had "approached the intersection at an appreciable length of time ahead of the defendant, and for that reason he is entitled to recover."

Plaintiff testified that he was driving at a speed of about 5 or 6 miles per hour as he approached the intersection and after he looked and saw nothing he speeded up to about 15 to 20 miles per hour and saw defendant's car over his right shoulder just before it hit him.

Defendant testified that he was driving about 15 to 20 miles per hour as he approached the intersection when he looked to the right and saw nothing and then looked to the left when he saw plaintiff's car. That at this point he was 20 to 30 feet from the intersection, and immediately applied his brakes, and tried to avoid the accident.

Witness Davis, testifying for the plaintiff, stated that he observed the car of the defendant shortly before the accident and in response to questions concerning its speed answered:

"A. There was a car come by at a high rate of speed. When I say 'high rate' I mean more than what it would be in the neighborhood. * * *."

"A. I would say he was going around thirty miles an hour when he come by there in the car."

Mr. Denny testified on behalf of the plaintiff regarding how the accident occurred.

"Q. Let me ask you, tell me whether or not Mr. Hinson's car was clearly in the intersection before the other car entered the intersection."

"A. Yes Sir, it was. He had been there several seconds."

Officer Musgrave, the investigating officer, testified that the intersection of Glenn and 57th was an open or uncontrolled intersection, and regarding the physical findings he stated as follows:

"A. Officer, excuse me. I believe you determined the point of impact was here (indicating), just very slightly west of the center line of fifty-seventh and that part of Marple's car was still south of the intersection, is that correct?"

"A. The rear portion of the car would have not been in the intersection, it would have been south of the curb line, south curb line of Glenn Ave., yes sir."

"Q. But Mr. Hinson's car was almost three-quarters of the way across the intersection?"

"A. Yes, sir."

Defendant claims that under the evidence he had the right of way, and argues that the physical evidence overcomes that of the above eyewitnesses and the testimony of the parties involved. He contends that the physical evidence shows conclusively that if the plaintiff did in fact enter the intersection first, he did so only because the defendant attempted to stop and avoid the accident and the plaintiff did not apply his brakes. Defendant argues that had he not applied his brakes, "he most certainly would have been into the intersection prior to plaintiff." He points to the officers testimony that plaintiff's automobile left *no* skid marks prior to the impact, while defendant's vehicle left approximately 20 feet of skid marks to support this conclusion.

██ It is well established that when a jury is waived in a cause and tried to the trial court, that the findings of the trial court are entitled to the same weight and consideration that would be given to the verdict of a jury, and a judgment based on conflicting evidence which reasonably tends to support the verdict will not be disturbed on appeal. West v. Independent School District No. 2, McClain County, Okl., 412 P.2d 185. In the present case, while the evidence is conflicting, the findings and conclusions of the trial court are reasonably supported.

Testimony of witnesses that defendant was exceeding a safe speed at the time of the accident can be supported by other evidence. The force of the impact indicates speed by the defendant was the proximate cause of the accident. Officer Musgrove testified that after impact plaintiff's car slid sideways toward the northeast a distance of thirty-two feet, jumped a curb, then turned over on its top, and came to rest headed toward the south. That defendant's car skidded approximately 20 feet prior to impact and 21 feet after the impact. Also, defendant's testimony that he was only traveling at a speed of 15 to 20 miles per hour is fraught with question when compared to Officer Musgrove's testimony as to stopping distances. Defendant testified that he saw the plaintiff's car when he was some 20 to 30 feet away from the intersection and immediately applied his brakes. Officer Musgrove testified, however, that if defendant had been traveling at a speed of 15 miles per hour when he applied his brakes he would have stopped within 20 to 22 feet. From this testimony the trial court may have reasonably concluded that if the defendant had been driving at a reasonable and safe speed, the accident would not have happened. In any event, the evidence was conflicting and it is not for this court on appeal to weigh or review the evidence for the purpose of determining which is more logical or persuasive.

We find the evidence was sufficient to support the judgment and verdict.

Judgment affirmed.

All Justices concur.